COBB, Chief Judge.
Appellants, Magic World, Inc., and Christopher Crutcher, plaintiffs below, timely appeal a final summary judgment granted in favor of appellees, Aldo Icardi and Icardi Law Offices, P.A., f/k/a Aldo Icardi, P.A., (Icardi), defendants below, on the basis that the statute of limitation as to their cause of action had expired.
This action commenced on October 10, 1984, with the filing of a complaint by appellants against Icardi, alleging legal malpractice. The foundation for this cause of action was the failure of Icardi to present evidence and jury instructions as to attorney’s fees in a case Icardi was handling for appellants.[1] Icardi also lost on appeal to this court an appeal of the trial court’s denial of attorney’s fees.[2] The opinion on appeal was stamped as received into Icardi’s office on August 4, 1982.
Icardi answered the complaint and raised as a defense the statute of limitations. He then moved for summary judgment, stating:
It is clear beyond any factual dispute that the plaintiffs had notice and knowledge of their alleged cause of action against these defendants over two years prior to October 10, 1984, when the subject complaint was filed.
In support of this motion, Icardi filed the affidavit of his secretary, who stated that she was present in the law offices on August 4, 1982, when the appellate opinion arrived, and that she specifically recalled Crutcher being present in the office and observed him reading the opinion.
In response to the motion, appellants filed the affidavit of Crutcher, who stated that he. was president of Magic World and had employed Icardi to represent him in the initial complaint; that he did not receive the Fifth District opinion on August 4; *817 rather, he received a copy of the opinion in the mail sometime at the end of September, 1982. He further stated that he heard from an employee of Icardi that an opinion had been rendered, but that the mandate had not yet been recorded and that the decision was not final, as the time for rehearing had not run; that upon receiving the opinion he made several attempts to talk to Icardi and was unable to discuss the opinion with him until Tuesday, October 12, 1982. Crutcher stated that he wished to discuss the opinion with Icardi to determine when it would become final, as the opinion stated it was not final until the time expired to file a motion for rehearing and to determine the ramifications of the opinion. He additionally stated that after this October 12 discussion, he became dissatisfied with Icardi’s explanations and sought independent legal counsel. His independent counsel informed him on October 14, 1982, that he had a cause of action for negligence against Icardi.
Both the applicable statute — section 95.11(4)(a), Florida Statutes (1983)— and case law[3] are clear that the two-year statute runs “from the time the cause of action is discovered or should have been discovered.” Generally, the issue of when a claimant should have discovered such malpractice is one for the jury, absent conclusive proof establishing such constructive knowledge. See Pinkerton v. West, 353 So.2d 102 (Fla. 4th DCA 1977), cert. denied, 365 So.2d 715 (Fla.1978); Rosen v. Sparber, 369 So.2d 960 (Fla. 3d DCA 1978), cert. denied, 376 So.2d 76 (Fla.1979).
In the instant case, the proofs submitted by the appellants were sufficient to create a factual issue for the jury as to whether Crutcher was on notice prior to his meeting with Icardi on October 12, 1982, that the Mystery Fun House opinion was final, and that a cause of action for malpractice had accrued.
REVERSED.
ORFINGER and COWART, JJ., concur.

. The case was a consolidation of several claims against Mystery Fun House, Inc., David A. Segal and Jack McElyea, alleging malicious interference with an economic interest, assault, battery, breach of contract, constructive eviction, conspiracy, trespass and conversion. At the trial below, appellants received a verdict of $7,000 as damages for constructive eviction. As part of the constructive eviction count, they asked for attorney’s fees in their initial complaint. At trial Icardi did not present evidence of attorney’s fees as a measure for damages.

. See Mystery Fun House, Inc. v. Magic World, Inc., 417 So.2d 785 (Fla. 5th DCA 1982).

. Edwards v. Ford, 279 So.2d 851 (Fla.1973).