546 So.2d 732 (1989)
EMPIRE FIRE & MARINE INSURANCE COMPANY, Appellant,
v.
Byron BLACK, Appellee.
Nos. 87-2223, 88-1621.
District Court of Appeal of Florida, Third District.
May 16, 1989.
Rehearing Denied August 8, 1989.
Carey, Dwyer, Eckhart, Mason, Spring & Beckham and Pamela Beckham, Miami, for appellant.
Kubicki, Bradley, Draper, Gallagher & McGrane and Carol Scott, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and COPE, JJ.
PER CURIAM.
This is an appeal by the defendant Empire Fire and Marine Insurance Company [Empire] from a final judgment based on (1) an adverse partial summary judgment on an insurance coverage issue, and (2) an adverse jury verdict on a fraud claim in an insurance coverage/fraud action brought by its insured Byron Black [Black]. This is also an appeal by Empire from an adverse post-judgment attorney's fee and cost award entered in favor of Black. We affirm in part and reverse in part based on the following briefly stated legal analysis.
First, we have no difficulty in affirming the final judgment on the insurance coverage issue, as, in our view, the trial court properly entered a partial summary judgment in favor of Black on this aspect of the case. Having done so, however, we can see no legal basis for Black's fraudulent misrepresentation claim that Empire, through dishonest dealings, falsely denied that it had sold Black the type of insurance policy which covered the truck accident upon which Black was sued. In fact, Empire did not succeed in such chicanery as it was required by the trial court to cover the sued upon accident; this being so, there can be no claim for fraudulent misrepresentation because no legally cognizable damage was sustained by Black. Casey v. Welch, 50 So.2d 124 (Fla. 1951); Cape Cod Trust Co. v. Wixon, 143 So.2d 339 (Fla. 2d DCA 1962); cf. George Hunt, Inc. v. Wash-Bowl, Inc., 348 So.2d 910, 912-13 (Fla. 2d DCA 1977).
Second, we must also reverse the attorney's fee and cost order under review as clearly Black was not entitled to attorney's *733 fees on the fraud claim. Moreover, the order appealed from fails to make the appropriate findings and calculations required by Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1151-52 (Fla. 1985); finally, Black concedes that $1,904.56 was improperly included in the cost order.
The final judgment under review is reversed, and the cause is remanded to the trial court with directions to strike from the judgment the amount of damages awarded by the jury on the fraud claim; the partial summary judgment on the insurance coverage issue, however, is approved. The attorney's fees and costs judgment under review is reversed, and the cause is remanded to the trial court with directions (1) to award attorney's fees for Black solely on the insurance coverage issue, not the fraud claim, in accord with the findings and calculations required by Florida Patient's Compensation Fund v. Rowe, and (2) to enter a cost award for Black solely on the insurance coverage issue, not the fraud claim, and to refrain from awarding any of the $1,904.56 in costs conceded by Black to be error on this appeal.
Affirmed in part; reversed in part.