544 So.2d 1063 (1989)
NATIONAL AIRCRAFT SERVICES, INC. and James E. Brewer, Appellants,
v.
AEROSERV INTERNATIONAL, INC., Etc. Aerothrust Corporation, Etc. and Wayne K. Goettsche, Appellees.
AEROTHRUST CORPORATION, Etc. and Aeroserv International, Inc., Etc. Appellants,
v.
NATIONAL AIRCRAFT SERVICES, INC. and James E. Brewer, Appellees.
AEROSERV INTERNATIONAL, INC., Appellant,
v.
James E. BREWER, Appellee.
Nos. 87-2872, 88-516 and 88-1455.
District Court of Appeal of Florida, Third District.
June 6, 1989.
*1064 Thornton, David & Murray and Terry L. Redford, Miami, for appellants/appellees.
Fine, Jacobson, Schwartz, Nash, Block & England and Gary S. Brooks and Bonnie J. Losak-Jimenez, Miami, for appellees/appellants.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
PER CURIAM.
For numerous reasons, we find no basis to support the appellee Brewer's award of nominal and punitive damages for the alleged fraud of Aeroserv and therefore reverse that aspect of the judgment before us. Among the grounds which compel this result are the following:
1. The basis of the fraud which is now advanced to support the verdict and judgment was not contained in the complaint and therefore cannot support it as a matter of law. See Arky, Freed, Stearns, Watson, Greer, Weaver, & Harris, P.A. v. Bowmar Instrument Corp., 537 So.2d 561 (Fla. 1988). Brewer's pleadings in this regard alleged only that Aeroserv had committed fraud through its officer and agent, the co-defendant Goettsche. Goettsche, however, was exonerated by the jury, thus precluding any vicarious responsibility, as alleged, on the part of Aeroserv. See Williams v. Hines, 80 Fla. 690, 86 So. 695 (1920). Moreover, while Brewer claims that additional and different instances of fraud were tried by implied consent, see Fla.R.Civ.P. 1.190(b), the record establishes to the contrary. It specifically may not be said that the defendant's failure to object to testimony which may have touched upon an unpleaded claim constituted an effective consent to a trial of such an issue, simply because that testimony was also pertinent to the issues which were properly pled and which therefore could not have been the subject of a well-taken objection. Dysart v. Hunt, 383 So.2d 259 (Fla. 3d DCA 1980), pet. for review denied, 392 So.2d 1373 (Fla. 1980), and cases cited.

*1065 2. The asserted fraudulent conduct consisted of purported false promises to enter into a particular business arrangement with Brewer in the future. Even taken in the light most favorable to the plaintiff, the record does not show the existence of a knowingly false representation which is required to establish fraud in the making of a promise or undertaking concerning a future event. See Sleight v. Sun & Surf Realty, Inc., 410 So.2d 998 (Fla. 3d DCA 1982); 27 Fla.Jur.2d Fraud & Deceit § 24 (1981). Compare 27 Fla.Jur.2d Fraud & Deceit § 25.
3. As indicated by the fact that only nominal, rather than compensatory damages were awarded, Brewer did not show that he had sustained injury as a result of the alleged fraud. He thus failed to demonstrate an indispensable element of the tort. See Empire Fire & Marine Ins. Co. v. Black, 546 So.2d 732, 732 (Fla. 3d DCA 1989) ("there can be no claim for fraudulent misrepresentation because no legally cognizable damage was sustained").
4. Brewer, in fact, recovered a verdict and judgment  which we affirm hereinbelow  based upon a breach of the employment contract which he was supposedly fraudulently induced to enter. As an aspect of the rule to which we have already referred, that damages resulting from fraud are required to sustain a claim for fraudulent misrepresentation, it is firmly established that damages for fraud may not be recovered when they merely duplicate those sustained as a result of a concomitant breach of contract. See Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA 1986), review denied, 494 So.2d 1151 (Fla. 1986); Schimmel v. Merrill Lynch Pierce Fenner & Smith, Inc., 464 So.2d 602 (Fla. 3d DCA 1985); Rolls v. Bliss & Nyitray, Inc., 408 So.2d 229 (Fla. 3d DCA 1981), dismissed, 415 So.2d 1359 (Fla. 1982). Since there is no present claim of such additional damages, this rule is also applicable here.
5. Finally, the law, as summarized in Chief Justice Ehrlich's specially concurring opinion in Ault v. Lohr, 538 So.2d 454, 457 (Fla. 1989), is that punitive damages for fraud may not be based upon nominal damages alone. For this reason as well, the punitive award cannot stand.
We have carefully examined the remaining points tendered by the parties on their various appeals from the judgment below. We find no error, see Doral Country Club, Inc. v. Lindgren Plumbing Co., 175 So.2d 570 (Fla. 3d DCA 1965), cert. denied, 179 So.2d 212 (Fla. 1965), and therefore otherwise affirm.
Affirmed in part, reversed in part.