PER CURIAM.
The issues in this cause were made by the appellant’s complaint and the appellee’s counterclaims in an action arising out of an agreement in which the appellee Rupari was designated as the exclusive American distributor of rib products supplied by Ess-Food, an organization composed of several Danish slaughter houses. After a lengthy bench trial, the trial judge entered a net judgment in favor of Rupari and Ess-Food appeals. The factual situation portrayed below is so complex and unique that setting it out in detail would serve no useful purpose. It is enough to say that our examination of the record in the light of the briefs and oral argument has convinced us that the appellant has demonstrated error in the following particulars:
1. The trial court improperly denied prejudgment interest as to the $163,706.76 in invoices for goods delivered by Ess-Food to Rupari, which was sought in the complaint and awarded by the court. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985); Travelers Indemnity Co. v. Duffy’s Little Tavern, Inc., 541 So.2d 689 (Fla. 5th DCA 1989); Bloch Equip. Co. v. National Medical Indus. Inc., 539 So.2d 1140 (Fla. 3d DCA 1988). Accordingly, prejudgment interest shall be assessed on this claim and credited to Ess-Food in the amended final judgment to be entered upon remand.
2. The trial court erroneously denied Ess-Food’s claim for the cost of a particular container of product which was shipped from Denmark to Rupari but returned because it did not bear a proper veterinary seal. The record shows that Rupari was itself reimbursed for this amount by its insurance carrier. To prevent a forbidden double recovery, it must pay that amount, in turn, to Ess-Food. See Florida Farm Bureau Ins. Co. v. Martin, 377 So.2d 827, 829 (Fla. 1st DCA 1979); see also Kingswharf Ltd. v. Kranz, 545 So.2d 276 (Fla. 3d DCA 1989); Russell v. A & L Dev., Inc., 273 So.2d 439 (Fla. 3d DCA 1973), cert. denied, 279 So.2d 308 (Fla.1973).
3.The trial judge’s award of punitive damages, on grounds of fraud, cannot stand because Ess-Food was guilty of no misconduct and caused Rupari no damages other than what was claimed and awarded as and for breach of contract. National Aircraft Servs., Inc. v. Aeroserv Int’l, Inc., 544 So.2d 1063 (Fla. 3d DCA 1989); Empire Fire & Marine Ins. Co. v. Black, 546 So.2d 732 (Fla. 3d DCA 1989); Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA 1986), review denied, 494 So.2d 1151 (Fla.1986); Schimmel v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 464 So.2d 602 (Fla. 3d DCA 1985); Rolls v. Bliss & Nyitray, Inc., 408 So.2d 229 (Fla. 3d DCA 1981), dismissed, 415 So.2d 1359 (Fla.1982). The award of punitive damages shall therefore be stricken from the judgment.
In all other respects we find that the record contains competent substantial evidence to support the trial court’s factual determinations. Strawgate v. Turner, 339 So.2d 1112 (Fla.1976); Laufer v. Norma Fashions, Inc., 418 So.2d 437 (Fla. 3d DCA 1982), and its legal conclusions that, in various respects, Rupari was damaged by Ess-Food’s breaches of contract. See W.W. Gay Mechanical Contractors, Inc. v. Wharfside Two, Ltd., 545 So.2d 1348 (Fla.1989); Antun Invs. Corp. v. Ergas, 549 So.2d 706 (Fla. 3d DCA 1989). Hence, we may not interfere with those conclusions.
Affirmed in part, reversed in part.