JOANOS, Judge.
Appellants Stewart Howard Lyle and Gay Lyle seek review of the trial court’s grant of summary judgment in favor of appellee Robert W. Goodwin. This case presents the question whether there can be a cause of action for fraudulent misrepresentation when no damages were incurred as a result of the misrepresentation. We affirm.
The record in this case reflects that appellant’s employer, Raffields Fisheries, contracted with National Savings Life Insurance Company (National Savings) through its agent, Robert W. Goodwin, to provide hospitalization coverage for its employees, including appellant. After issuance of the insurance, appellant suffered a myocardial infarction which required bypass surgery. When demand was made upon the insurer for payment of appellant’s hospitalization expenses, the company denied coverage, claiming the medical bills were attributable to a pre-existing condition for which coverage was excluded.
*1048 Appellants filed suit, alleging that Goodwin assured appellant Stewart Lyle and his employer that the hospitalization coverage provided by National Savings included a no-loss no-gain guarantee. The trial court found the undisputed facts established that Stewart Lyle’s heart condition was not preexisting, and entered summary judgment in favor of the Lyles. After the trial court’s determination was affirmed upon appeal to this court, appellee Goodwin filed a motion for summary judgment, raising as ground therefor that because there was coverage for Lyle’s hospitalization, appellant suffered no damages as a result of Goodwin’s negligence.
The parties agree that an agent, though acting for an acknowledged principal, is independently liable for fraudulent misrepresentation. Shee-Con, Inc. v. Al Seim Appraisal Service, Inc., 427 So.2d 311 (Fla. 5th DCA 1983); Inter-Ocean (Free Zone), Inc. v. Manaure Lines, Inc., 615 F.Supp. 710 (D.C.Fla.1985). However, to prove a cause of action for fraudulent misrepresentation, a plaintiff must show that a defendant owed him a duty, that the duty was breached, and that he incurred damages proximately caused by the breach. Cato v. West Florida Hospital, Inc., 471 So.2d 598 (Fla. 1st DCA 1985). In other words, damages are an essential element of a cause of action for negligence. Kellermeyer v. Miller, 427 So.2d 343, 345 (Fla. 1st DCA 1983); Prosser, Law of Torts, § 30 at 143 (4th Ed.1971).
On facts similar to those presented in this case, the third district found no legal basis for an insured’s fraudulent misrepresentation claim, because the insurer was required to cover the sued upon accident. Empire Fire & Marine Insurance Co. v. Black, 546 So.2d 732 (Fla. 3d DCA 1989). The court held that in such circumstances, “there can be no claim for fraudulent misrepresentation because no legally cognizable damage was sustained by Black.” Id. See also Casey v. Welch, 50 So.2d 124 (Fla.1951); National Aircraft Services, Inc. v. Aeroserv International, Inc., 544 So.2d 1063, 1065 (Fla. 3d DCA 1989).
The record in this case reflects that affidavits filed by appellants in opposition to Goodwin’s motion for summary judgment set forth sufficient factual allegations to support a conclusion that Goodwin made false representations to appellants’ employer and to appellants concerning health insurance coverage under the National Savings policy, and that appellants relied on those false representations. However, the record also reflects that because appellants prevailed in their action against the insurer, they received the health insurance cov- ■ erage allegedly promised by Goodwin. Therefore, appellants in this case, like the insured in Empire Fire & Marine, have failed to demonstrate the existence of an essential element of an action for fraud, i.e., damages. In the circumstances, the trial court’s grant of summary judgment in favor of Goodwin was proper.
Accordingly, the final summary judgment appealed is affirmed.
ZEHMER and ALLEN, JJ., concur.