# HALPERN v ROOD
## Case No. 89-13799
Thirteenth Judicial Circuit, Hillsborough County

September 16, 1991

## APPEARANCES OF COUNSEL

**Walt Logan, Esquire,** for plaintiff.
**Edward Rood, Sr., Esquire,** defendant.

## OPINION OF THE COURT

RICHARD A. LAZZARA, Circuit Judge.

### *ORDER ON DEFENDANT'S AMENDED MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS*

THIS CAUSE came on before the Court on September 11, 1991 on

the Defendant's Amended Motion for Summary Judgment and Motion to Dismiss directed to the Second Amended Complaint of the Plaintiff. Present before the Court was Walt Logan, attorney for the Plaintiff, and the Defendant, Edward Rood, Sr., appearing on his own behalf. Following the hearing the Court reserved ruling.

The Court has had an opportunity to review the record in accordance with the provisions of Florida Rule of Civil Procedure 1.510, excluding the affidavit filed by the Defendant, to consider the arguments of counsel and the law cited in support thereof, and to engage in its own independent research of the law. Based on this analysis the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. The Plaintiff and the Defendant had an attorney-client relationship in the medical malpractice case of David E. Halpern v Arthur K. Waltzer, M.D., Case No. 86-3133-A, Circuit Court of Hillsborough County, Florida.

2. The case was tried before a jury in December of 1986.

3. After the jury retired to consider its verdict, the Plaintiff, upon advice of the Defendant, agreed to settle the case for $100,000.00.

4. The case was then settled prior to the return of any verdict by the jury and the jury was discharged.

5. Although the jury, prior to its discharge, did not render a verdict, one of the jurors (Maria Corral) was of the opinion that the Defendant in the medical malpractice case, Dr. Waltzer, was not guilty of malpractice and she was convinced based on the evidence that he was not negligent. She further believed that one or two of the other jurors may have agreed with her. Another juror (Ronnelle Feenaughty) confirmed that prior to the jury's discharge it had made no decision about anything.

6. In May of 1989 the Plaintiff discovered for the first time that the advice given by the Defendant to settle the case upon which the Plaintiff relied may have been based on negligent misrepresentation and fraudulent misrepresentations of fact.

7. On June 28, 1989 the Defendant filed his initial complaint in this case.

8. In the Plaintiff's Second Amended Complaint, which is the subject of the motions at issue, the Plaintiff makes the following allegations:

a) As to Counts I and II he claims that but for the Defendant's

negligent misrepresentation and fraudulent misrepresentations of fact which induced him to settle the malpractice case, *the jury* in that case would have returned a substantial verdict in the approximate sum of $1,000,000.00.

b) As to Count III he claims that the alleged fraudulent misrepresentations of fact of the Defendant constituted outrageous conduct that went beyond all bounds of decency so as to be regarded as odious and utterly intolerable in a civilized society.

## CONCLUSIONS OF LAW

1. The Defendant's Amended Motion for Summary Judgment and Motion to Dismiss predicated on the running of the statute of limitations are denied in that the Plaintiff did not discover the facts giving rise to his causes of action until May of 1989. *Magic World, Inc. v Icardi,* 483 So.2d 815 (Fla.5th DCA 1986). Therefore, the Plaintiff's original and subsequent complaints were filed within the applicable statute of limitations relating to legal malpractice, fraud, and intentional infliction of emotional distress.

2. The Defendant's Motion to Dismiss Count II of the Second Amended Complaint for failure to state a cause of action is denied. The allegations sufficiently allege a claim for fraud.

3. The Defendant's Motion to Dismiss Count III of the Second Amended Complaint is granted with prejudice. The Court finds as a matter of law that the fact pattern alleged does not fall within the scope contemplated by the tort of intentional infliction of emotional distress. That is, the Court determines that the alleged actions of the Defendant are not so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and the Defendant's claimed misconduct, viewed objectively, is not outrageous and utterly intolerable in a civilized society. *Eastern Airlines, Inc. v King,* 557 So.2d 574 (Fla.1990), *Metropolitan Life Insurance Company v McCarson,* 467 So.2d 277 (Fla.1985), *Dependable Life Insurance Company v Harris,* 510 So.2d 985 (Fla.5th DCA 1987), *Scheller v American Medical International, Inc.,* 502 So.2d 1268 (Fla.4th DCA 1987); *Ponton v Scarfone,* 468 So.2d 1009 (Fla.2d DCA 1985), and *Kent v Harrison,* 467 So.2d 1114 (Fla.2d DCA 1985). Therefore, the Second Amended Complaint fails to state a claim for intentional infliction of emotional distress under Florida law.

4. The Defendant's Amended Motion for Summary Judgment as to Counts I and II of the Second Amended Complaint as it relates to the issue of damages is granted.

118

Under the law as it relates to Count I, the Plaintiff must *plead* and *prove* that the claimed negligence arising out of the attorney-client relationship proximately caused him to suffer a loss. *Riccio v Stein,* 559 So.2d 1207 (Fla.3rd DCA 1990). Based on the record, specifically the affidavit of juror Corral, there is no genuine issue as to the material fact that the Plaintiff suffered no loss. The Plaintiff *pled* that but for the negligence of the Defendant *the jury,* of which juror Corral was a member, in the malpractice case would have awarded him a substantial verdict in the approximate sum of $1,000,000.00. But as juror Corral's affidavit reflects, she was of the opinion that the doctor in the malpractice case was not guilty of malpractice and she was convinced based on the evidence that the doctor was not negligent. Hence, it is reasonable to conclude that based on her firm conviction the jury would not have returned a substantial verdict of approximately $1,000,-000.00 much less any verdict favorable to the Plaintiff. Therefore, in light of the only admissible evidence in the record that directly and unequivocally bears on the issue of loss, the Plaintiff simply cannot *prove* the loss he has *pled.*

Under the law as it relates to Count II, the Plaintiff must also prove he suffered damages as a result of the alleged fraudulent misrepresentations. As noted in *Casey v Welch,* 50 So.2d 124, 125 (Fla.1951)—"It is of the very essence of an action of fraud or deceit that the same shall be accompanied by damage,. . ." Furthermore, "It is fundamental that fraud and deceit, if not acted on or *accompanied by injury,* are moral, not legal wrongs." *Cape Cod Trust Company v Wixon,* 143 So.2d 339 (Fla.2d DCA 1962) (emphasis supplied). *See also Lyle v National Savings Life Insurance Company,* 558 So.2d 1047 (Fla.1st DCA 1990) and *Empire Fire and Marine Insurance Company v Black,* 546 So.2d 732 (Fla.3rd DCA 1989). As noted, based on the unequivocal affidavit of juror Corral, the Plaintiff suffered no loss. Therefore, again, the Plaintiff cannot prove his claim based on fraudulent misrepresentations because he sustained no legally cognizable damages.

In making these findings of fact and conclusions of law the Court has not overlooked the affidavit of the defense counsel for Dr. Waltzer in the malpractice case which sets forth his "impression" that the jury had decided adversely to his client and was prepared to return a substantial verdict as well as the deposition testimony of Plaintiff that he "believed" one of the jurors (a voice coming from out of the crowd) mentioned that the jury was in the process of awarding a substantial verdict in the sum of approximately $1,000,000.00. Even considering this "record evidence" in light of the summary judgment test of *Gomes v Stevens,* 548 So.2d 1163 (Fla.2d DCA 1989) does not raise even the

119

slightest doubt that an issue might exist as to damages. One, the "impression" of the attorney is clearly inadmissible evidence as being based on "speculation, surmise and conjecture". *Morgan v Continental Casualty Company,* 382 So.2d 351, 353 (Fla.3rd DCA 1980). Two, testimony about a voice from the crowd of jurors is inadmissible hearsay. *cf. Food Fair Stores, Inc. v Trusell,* 131 So.2d 730 (Fla.1961).

In making these findings of fact and conclusions of law the Court has also not overlooked the allegations of the Second Amended Complaint claiming punitive damages as to Count II. Although not raised by the Defendant, the Court would note that, as reflected in the record, the Plaintiff failed to comply with the provisions of section 768.72, Fla. Stat. (1987), before pleading punitive damages in his complaint. *Wolper v Liedman,* 544 So.2d 307, 308 (Fla.3rd DCA 1989) ("By its clear terms, the statute *requires* the [plaintiff] to make a showing by proffer or through evidence in the record that some reasonable basis exists to support recovery of punitive damages before the trial court *permits* a pleading requesting such damages.") (emphasis supplied). Moreover, even if punitive damages had properly been pled in accordance with the statute, in that, as noted above, the Plaintiff cannot prove legally cognizable damages predicated on fraud, punitive damages could not be awarded. *National Aircraft Services, Inc. v Aeroserv International, Inc.,* 544 So.2d 1063 (Fla.3rd DCA 1989).

Therefore, it is ORDERED AND ADJUDGED as follows:

1. The Defendant's Amended Motion for Summary Judgment and Motion to Dismiss directed to all three counts of the Second Amended Complaint predicated on the running of the statute of limitations are *denied.*

2. The Defendant's Motion to Dismiss Count II of the Second Amended Complaint predicated on a failure to state a cause of action is *denied.*

3. The Defendant's Motion to Dismiss Count III of the Second Amended Complaint predicated on a failure to state a cause of action is *granted with prejudice.*

4. The Defendant's Amended Motion for Summary Judgment directed to Counts I and II of the Second Amended Complaint predicated on damages is *granted.2rf*

Accordingly, it is ORDERED AND ADJUDGED that the Plaintiff, DAVID HALPERN, take nothing by this action and that the Defendant, EDWARD ROOD, SR., go hence without day with the Court

120

retaining jurisdiction to entertain any appropriate Motion to Tax Costs against the Plaintiff.

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida, on this the 16th day of September, 1991.