777 So.2d 378 (2000)
STANDARD JURY INSTRUCTIONS-CIVIL CASES (NO. 99-2).
No. SC99-151.
Supreme Court of Florida.
August 17, 2000.
Honorable Peter D. Webster, Chair, Supreme Court Committee on Standard Jury Instructions (Civil), Tallahassee, Florida, for Petitioner.
PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions (Civil) has submitted to this Court proposed amendments to the Florida Standard Jury Instructions in Civil Cases. We have jurisdiction. See art. V, § 2(a), Fla. Const; see also Fla. R. Civ. P. 1.985.
The proposed amendments have been published in The Florida Bar News and comments have been received. The proposals are as follows:
Proposal 1: Revised Instruction on Deposition Testimony and Interrogatories.
Proposal 2: Revised Instruction on Personal Injury and Property Damages: Elements, Spouse's Loss of Consortium and Services.

*379 Proposal 3: Revised Instruction on Personal Injury and Property Damages: Elements, Parent's Loss of Filial Consortium; Care and Treatment of Claimants' Minor Child; Child's Services, Earnings, Earning Capacity; Loss of Filial Consortium as a Result of Significant Injury Resulting in Child's Permanent Disability.
Proposal 4: Revised Instruction on Fraudulent and Negligent Misrepresentation.
Proposal 5: New Instruction on Breach of Contract.
We hereby authorize the publication and use of the new and revised instructions as set forth in the appendix attached to this opinion. In doing so, we express no opinion on the correctness of these instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of these instructions. We further caution all interested parties that the notes and comments associated with the instructions reflect only the opinion of the committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final. New language is indicated by underlining, and deletions are indicated by struck-through type.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

APPENDIX
[Proposal 1: Revised Instruction on Deposition Testimony and Interrogatories]

1.3

DEPOSITION TESTIMONY AND INTERROGATORIES

a. Deposition testimony:
Members of the jury, the sworn testimony of (name), given before trial, will now be read to you. You are to consider and weigh this testimony as though the witness had testified here in person.

b. Interrogatories:
Members of the jury, answers to interrogatories will now be read to you. Interrogatories are written questions that have been presented before trial by one party to another. They are answered under oath. You are to consider and weigh these questions and answers as you would any other evidence in the case.

NOTE ON USE
The committee recommends that this the appropriate explanation be given read immediately before a deposition or an interrogatory and answer are is read in evidence, and that no charge on the subject be repeated at the conclusion of the trial.
[Proposal 2: Revised Instruction on Personal Injury and Property Damages: Elements, Spouse's Loss of Consortium and Services]

6.2

PERSONAL INJURY AND PROPERTY DAMAGES: ELEMENTS
. . . .

e. Spouse's loss of consortium and services:
On the claim brought by (spouse), you should award (spouse) an amount of money which the greater weight of the evidence shows will fairly and adequately compensate (spouse) for damages caused by the incident in question. You shall consider the following elements of damage:
Any loss by reason of [his wife's] [her husband's] injury, of [his][her] services, comfort, society and attentions in the past [and in the future].
*380 [Proposal 3: Revised Instruction on Personal Injury and Property Damages: Elements, Parent's Loss of Filial Consortium; Care and Treatment of Claimants' Minor Child; Child's Services, Earnings, Earning Capacity; Loss of Filial Consortium as a Result of Significant Injury Resulting in Child's Permanent Disability]

6.2

PERSONAL INJURY AND PROPERTY DAMAGES: ELEMENTS
. . .

c. Medical expenses:
. . .
care and treatment of claimant's minor child:
The reasonable [value] [or] [expense] of [hospitalization and] medical [and nursing] care and treatment necessarily or reasonably obtained by (claimant) for his child, (name), in the past [or to be so obtained in the future] until (name) reaches the age of (legal age).
. . .

f. Parent's loss of child's services, earnings, earning capacity:
Any loss by (claimant) by reason of [his][her] child's injury, of the [services] [earnings] [or] [earning ability] of [his][her] child in the past [and in the future until the child reaches the age of (legal age) ].
Parental loss of filial consortium; care and treatment of claimant's minor child; child's services, earnings, earning capacity; loss of filial consortium as a result of significant injury resulting in child's permanent disability:
On the claim[s] of (parent[s]), you should award (parent[s]) an amount of money which the greater weight of the evidence shows will fairly and adequately compensate (parent[s]) for damages caused by the incident in question. You shall consider the following element[s] of damage:
The reasonable [value] [or] [expense] of [hospitalization and] medical [and nursing] care and treatment necessarily or reasonably obtained by (parent[s]) for [his][her] [their] child, (name), in the past [or to be so obtained in the future until (name) reaches the age of (legal age) ].
[Any loss by (parent[s]) by reason of [his][her] [their] child's injury, of the [services] [earnings] [or] [earning ability] of [his][her] [their] child in the past [and in the future until the child reaches the age of (legal age) ].]
Use the following paragraphs when there is a claim for loss of filial consortium as a result of significant injury resulting in the child's permanent total disability.

See United States v. Dempsey, 635 So.2d 961 (Fla.1994):
In addition, if you find by the greater weight of the evidence that (claimant child) sustained a significant injury resulting in (claimant child's) permanent total disability, you shall consider the following element of damage:
Any loss by (parent[s]), by reason of that injury, of the child's companionship, society, love, affection, and solace in the past and in the future.
If the greater weight of the evidence does not support the claim of (parent[s] ) that the child sustained a significant injury resulting in permanent total disability, your verdict should be for (defendant[s] ) on this element of damage.

Comment on 6.2f
The Committee expresses no opinion concerning whether there also is a cause of action for a parent's recovery due to loss of a child's companionship and society. Compare Yordan v. Savage, 279 So.2d 844 (Fla.1973), citing Wilkie v. Roberts, 91 Fla. 1064, 109 So. 225 (1926), with language in Wilkie and other cases interpreting Wilkie, including Youngblood v. Taylor, 89 *381 So.2d 503 (Fla.1956); City Stores Co. v. Langer, 308 So.2d 621 (Fla. 3d DCA), cert. dism., 312 So.2d 758 (Fla.1975); Hillsborough County School Board v. Perez, 385 So.2d 177 (Fla. 2d DCA 1980); and Brown v. Caldwell, 389 So.2d 287 (Fla. 1st DCA 1980).

COMMENTS ON 6.2f

1. The committee believes that United States v. Dempsey, 635 So.2d 961 (Fla. 1994), which recognizes a parental right of recovery for loss of filial consortium, does not eliminate the common law right to recover for loss of the child's services or earnings.
2. This instruction does not address the issue of a child with extraordinary income-producing abilities prior to the injury. See United States v. Dempsey, 635 So.2d at 965.
3. Pending further developments in the law, the committee takes no position on whether the recovery for loss of filial consortium extends beyond the child's age of majority.
4. A loss of filial consortium claim may require separate interrogatories on the verdict form on the issues of whether the child sustained a significant injury resulting in permanent total disability, and the amount of damages on such a claim.
[Proposal 4: Revised Instruction on Fraudulent and Negligent Misrepresentation]

MI 8

FRAUDULENT

MISREPRESENTATION

NEGLIGENT MISREPRESENTATION

(Issues and Elements)

a. Fraudulent misrepresentationissues:
On (claimant's) claim for fraudulent misrepresentation, the issues for your determination are:
First, whether (defendant) [intentionally]* made a false statement concerning a material fact;
Second, whether (defendant) knew the statement was false when [he][she] [it] made it or made the statement knowing [he][she] [it] was without knowledge of its truth or falsity;
Third, whether in making the false statement, (defendant) intended that another would rely on the false statement;
Fourth, whether (claimant) relied on the false statement;
Fifth, whether (claimant) suffered [loss] [injury] [or] [damage] as a result.
* The word intentionally should be used for clarity when there is also a claim for negligent misrepresentation.

b. Reliance fraudulent misrepresentation:
[On the this claim for fraudulent misrepresentation, the]** [ The] (claimant) may rely on a false statement, even though its falsity could have been discovered had if (claimant) had made an investigation. However, (claimant) may not rely on a false statement if [he][she] [it] knew it was false or its falsity was obvious to [him][her] [it].
** The bracketed language should be used for clarity when there is also a claim for negligent misrepresentation.

c.b. Negligent misrepresentationissues:

On (claimant's) claim for negligent misrepresentation, the issues for your determination are:
First, whether (defendant) made a false statement to another concerning a material fact that [he][she][it] believed to be true but which was in fact false;
Second, whether in the exercise of reasonable care under the circumstances, (defendant) was negligent in making the statement because [he][she][it] should have known the statement was false;
*382 Third, whether in making the false statement, (defendant) intended [or expected] that another would rely on the false statement;
Fourth, whether (claimant) reasonably justifiably relied on the false statement; and
Fifth, whether (claimant) suffered [loss] [injury] [or] [damage] as a result.

d.c. Material fact:

A material fact is one that is of such importance that (claimant) would not have [entered into the transaction] [acted], but for the false statement.

e.d. Burden of proof on claim:

If the greater weight of the evidence does not support the claim of (claimant), your verdict should be for (defendant). However, if the greater weight of the evidence does support the claim of (claimant), [then your verdict should be for (claimant) and against (defendant) ] [then you shall consider the defense raised by (defendant) ] (instruct on any pertinent defense).

f.e. Comparative negligence defense: Bburden of proof on defense*:
If the greater weight of the evidence supports the defense, your verdict should be for (defendant). However, if the greater weight of the evidence does not support the defense and does support the claim of (claimant), your verdict should be for (claimant) and against (defendant).
*Use this instruction only if an appropriate affirmative defense is raised.

1. Comparative negligence defense
On the [first] defense to the claim of negligent misrepresentation, the issues for your determination are whether, under the circumstances, (claimant) was negligent in relying on (defendant's) statement; and, if so, whether such negligence was a contributing legal cause of any [loss] [injury] [or] [damage] sustained by (claimant).

2. Burden of proof on defense
If the greater weight of the evidence does not support this defense and the greater weight of the evidence does support the claim of (claimant), then your verdict should be for (claimant) in the total amount of [his][her][its] damages. However, if the greater weight of the evidence shows that both (claimant) and [ (defendant) ] [one or more of the defendants] were negligent and that the negligence of each contributed as a legal cause of [loss] [injury] [or] [damage] sustained by (claimant), you should determine what percentage of the total negligence of [both] [all] parties to this action is chargeable to each.

g.f. Greater weight of the evidence defined:

Greater weight of the evidence means the more persuasive and convincing force and effect of the entire evidence in the case.

g. Negligence
Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances.

h. Damages
If you find for (defendant), you will not consider the matter of damages. But, if you find for (claimant), you should award (claimant) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate (claimant) for (describe appropriate elements of those damages incurred by claimant as a result of the misrepresentation).

*383 NOTE ON USE
In fraud cases where punitive damages are at issue, First Interstate Development Corp. v. Ablanedo, 511 So.2d 536 (Fla. 1987), see PD Punitive Damages.

COMMENTS
1. It appears that Florida recognizes two separate theories of recovery for damage occurring as a result of misrepresentation. One basis of recovery is for fraud and the other is for negligent misrepresentation. The elements of those two theories are set forth in First Interstate Development Corp. v. Ablanedo, 511 So.2d 536 (Fla.1987); Johnson v. Davis, 480 So.2d 625 (Fla.1985); Lance v. Wade, 457 So.2d 1008 (Fla.1984); Atlantic National Bank v. Vest, 480 So.2d 1328 (Fla. 2d DCA 1985), review denied, 491 So.2d 281 (Fla.1986); Wallerstein v. Hospital Corp. of America, 573 So.2d 9 (Fla. 4th DCA 1990).
2. The recipient of a fraudulent misrepresentation is justified in relying upon its truth, even where an investigation might have revealed its falsity, unless he or she knows the representation to be false or its falsity is obvious to him or her. Besett v. Basnett, 389 So.2d 995 (Fla.1980).
3. There must be actual damage for recovery in a fraud action. Fraud that does not result in damage is not actionable. Casey v. Welch, 50 So.2d 124 (Fla.1951); Stokes v. Victory Land Co., 99 Fla. 795, 128 So. 408 (1930); Pryor v. Oak Ridge Development Corp., 97 Fla. 1085, 119 So. 326 (1928); Wheeler v. Baars, 33 Fla. 696, 15 So. 584 (1894); National Aircraft Services, Inc. v. Aeroserv International, Inc., 544 So.2d 1063 (Fla. 3d DCA 1989); National Equipment Rental Ltd. v. Little Italy Restaurant & Delicatessen, Inc., 362 So.2d 338 (Fla. 4th DCA 1978).
The damage attributable to the fraud must be separate from the damages flowing from a breach of contract. AFM Corp. v. Southern Bell Telephone & Telegraph Co., 515 So.2d 180 (Fla.1987); John Brown Automation, Inc. v. Nobles, 537 So.2d 614 (Fla. 2d DCA 1988); Rolls v. Bliss & Nyitray, Inc., 408 So.2d 229 (Fla. 3d DCA 1981), review dismissed, 415 So.2d 1359 (Fla.1982); National Aircraft Services, Inc. v. Aeroserv International, Inc., 544 So.2d 1063 (Fla. 3d DCA 1989).
4. Pending further development of the law, the committee reserves the question of whether comparative negligence is a defense to a negligent misrepresentation claim and, if so, the effect of such defense. In Gilchrist Timber Co. v. ITT Rayonier, Inc., 696 So.2d 334 (Fla.1997), the Supreme Court held that the doctrine of comparative negligence, as codified in § 768.81, Fla. Stat., applied to an action for negligent misrepresentation as set forth in the Restatement (Second) of Torts § 552 (1977), which requires proof of justifiable reliance. Accordingly, the committee has replaced its earlier reference to "reasonable reliance" in these instructions with "justifiable reliance."
In Gilchrist, the Court further noted that while the Restatement discusses the issue in terms of contributory negligence in section 552A, a majority of the states that have adopted the comparative negligence doctrine and considered the issue agree that comparative negligence principles apply to cases involving negligent misrepresentation. See 696 So.2d at 337. The committee recognizes that a logical tension could exist within a verdict determining that the claimant's reliance was justifiable, but that the claimant was also comparatively negligent (e.g., in relying on the statement by failing to conduct an adequate investigation). The committee also recognizes that justifiable reliance may involve a subjective standard distinct from the objective standard used in defining reasonable care. Cf. Restatement (Second) of Torts § 545A cmt. b (1977) ("Justification is a matter of the qualities and characteristics of the particular plaintiff, and the circumstances of the particular case, rather than of the application of a community standard of conduct to all *384 cases.") Pending further development of the law, the committee reserves the question of the relationship, if any, between justifiable reliance and comparative negligence.
5. The committee takes no position as to whether there are two distinct causes of action for negligent misrepresentation under the Restatement and under the common law. See Gilchrist Timber Co. v. ITT Rayonier, Inc., 696 So.2d 334 (Fla.1997). The current instruction has not been amended to conform with section 552 of the Restatement (Second) of Torts, and the standard instruction may require modification to accurately and sufficiently instruct the jury on such claims. Furthermore, subsection 552(2) contains limitations on the scope of liability for negligent misrepresentation. Subsection 552(3) creates a broader liability for one who is under a public duty to give information. These subsections are not incorporated into the standard instructions and may require the use of additional instructions in the circumstances of the action.

[Proposal 5: New Instruction on Breach of Contract]

MI 12.1

BREACH OF CONTRACT EXISTENCE OF CONTRACT ADMITTED (TERMS UNAMBIGUOUS)

a. Introduction:
In this action, (claimant) and (defendant) entered into [a written] [an oral] contract (describe subject matter of contract). A contract is an agreement establishing the parties' rights and duties.

b. Duties under contract:
The [duty][duties] of (defendant) under this contract [was][were] (describe relevant duty or duties).

c. Issues on claim:
The issues for your determination on the claim of (claimant) are:
Whether (defendant) failed to perform [his][her][its] [duty][duties] under the contract and, if so, whether that failure to perform was a legal cause of damages sustained by (claimant).

d. Burden of proof on claim:
If the greater weight of the evidence does not support the claim of (claimant), then your verdict should be for (defendant).

i. Where there are no affirmative defenses
However, if the greater weight of the evidence does support the claim of (claimant), then your verdict should be for (claimant) and against (defendant).

ii. Where there are affirmative defenses
However, if the greater weight of the evidence does support the claim of (claimant), then you should consider the defense(s) raised by (defendant).

e. Defense Issues:
On the [first] defense, the issues for your determination are: (identify the issues on any affirmative defense raised).

f. Burden of proof on defense:
If the greater weight of the evidence supports the defense, your verdict should be for (defendant). However, if the greater weight of the evidence does not support the defense and does support the claim of (claimant), your verdict should be for (claimant) and against (defendant).

g. "Greater weight of the evidence" defined:
"Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

*385 h. "Legal cause" defined:

Failure to perform one's [duty][duties] under a contract is a legal cause of damage if it directly and in natural and continuous sequence produces or contributes substantially to producing damage, so that it can reasonably be said that, but for the failure to perform, the damage would not have occurred.

i. DamagesExpectation (Benefit of the Bargain):
If you find for (defendant), you will not consider the matter of damages. But, if you find for (claimant), you should award (claimant) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate [him][her][it] for damages caused by (defendant's) failure to perform. (Claimant) is entitled to recover damages that will put [him][her][it] in the same position [he][she][it] would have been in if (defendant) had performed [his][her][its] duties under the contract. However, (claimant) is entitled to recover only those damages that the parties reasonably could have anticipated, at the time they entered into the contract, probably would result from (defendant's) failure to perform.

NOTE ON USE
If reliance damages are sought, an appropriate instruction will be necessary, either in addition to, or in lieu of, the expectation damages instruction set forth in MI 12.1i.