L. N. WILKIE, *Plaintiff in Error*, v. HOLSTEAD ROBERTS, *Defendant in Error*.

Division B.

Opinion Filed June 5, 1926.

*Marks, Marks & Holt,* for Plaintiff in Error;

*A. H. & Roswell King,* Attorneys for Defendant in Error.

TERRELL, J.—The declaration here in substance alleges that L. N. Wilkie by his servant or agent on the 16th day of November, 1922, in the city of Jacksonville, so carelessly and negligently propelled and ran his automobile with such great force and violence against and upon Waller Roberts, that the said Waller Roberts, who was the minor son of Holstead Roberts, was then and thereby injured in the head, body and limbs, his nervous system and spinal column were shaken and impaired, and various permanent injuries were thereby sustained; whereby plaintiff was deprived of the services of the said Waller Roberts till

attaining his majority, and was forced to and did expend large sums of money endeavoring to have his said minor son cured of his wounds, sickness and disorders so negligently caused.

Damages were laid in the sum of fifty thousand dollars ($50,000.00). The usual skirmishing incident to settling the pleadings in such cases preceded the trial, which was conducted on the pleas of the general issue and contributory negligence, resulting in a verdict of twenty-five hundred dollars ($2500.00) in favor of the plaintiff.

Motions for an instructed verdict in favor of defendant and for new trial were seasonably made and denied, and writ of error was taken to the final judgment.

The first assignment of error challenges the order of the trial court denying defendant's motion to compel election between certain counts of the amended declaration. The second assignment of error challenges the order of the trial court denying defendant's motion for compulsory amendment to the amended declaration, and the third and tenth assignments of error challenged the order of the trial court denying defendant's motion for bill of particulars to the declaration as amended.

We have examined the basis for these assignments carefully and it is not made to appear that in overruling these motions the rights of the defendant were in any wise prejudiced. They all pertain to matters addressed to the sound discretion of the trial court and his ruling thereon will not be disturbed unless it plainly appears that there was an abuse of judicial discretion. Seaboard Air Line Ry. v. Rentz & Little, 60 Fla. 429, text 435, 54 South. Rep. 13; Williams v. Peninsular Grocery Co., 73 Fla. 937, 75 South. Rep. 517; Wilson v. Fridenberg, 22 Fla. 114; Mathis v. State, 45 Fla. 46, 34 South. Rep. 287; 1 Ency. Pl. & Pr., 524; 3 Ency. Pl. & Pr. 524.

It is also contended by plaintiff in error that the Civil

Court of Record of Duval County has jurisdiction of all civil causes where the amount in controversy does not exceed $3000.00; that defendant in error was on notice of this fact when he brought this suit, and that he knew the facts in this case would not warrant a larger verdict than $3000.00, hence the Circuit Court of Duval County was without jurisdiction to entertain said cause. The rule is well settled in this State that the jurisdiction of the court in actions of this kind is determined by the sum in good faith demanded or actually put in controversy and not on the amount of the recovery. Florida Cent. & P. R. Co. v. Seymour, 44 Fla. 557, 33 South. Rep. 424; Seaboard Air Line R. Co. v. Ray, 52 Fla. 634, 42 South. Rep. 714; Louisville & N. R. Co. v. Sutton, 54 Fla. 247, text 250, 44 South. Rep. 946; Director General of Railroads v. Wilford, 81 Fla. 430, 88 South. Rep. 256; Tampa Electric Co. v. Bazemore, 85 Fla. 164, 96 South. Rep. 297.

There were a great many other assignments of error, most of which are predicated on the admission or rejection of testimony, or on the giving or refusing of charges, but the only other question necessary to be determined here is whether or not the verdict is warranted under the law and evidence.

At the time of the injury complained of, Waller Roberts was ten years old. The plaintiff in his declaration claims compensation for loss of service during minority and for expenses incurred endeavoring to cure the injury. Certain expenses incurred by plaintiff endeavoring to cure the injury, aggregating two hundred and eighty-five dollars ($285.00) were proven, but there was not a syllable of evidence introduced from which the jury might form any opinion as to what compensation should be reasonably given for loss of services during his minority. It was not shown for instance that he ever ran an errand, did a chore, performed labor of any kind, or in any other way contrib-

uted a dime in money or the briefest season of happiness and comfort to the father, or the father's family. It is true that there was evidence introduced to prove injury to the body and nerves of Waller Roberts, but these injuries were personal to him, for which he has a right of action if caused through carelessness or negligence on the part of defendant or his servant or agent, as we shall presently show, but in a suit by the father to recover compensation for loss of services during minority, and for expenses incurred endeavoring to restore to sound physical condition, such evidence is irrelevant, except it may be shown to what extent injury to body and nerves affected the earning capacity or ability of the injured to serve his father.

Section 4962, Revised General Statutes of Florida, 1920, provides for the recovery of the loss of services and for mental pain in the event of the death of a minor child by the wrongful act, negligence, carelessness or default of another, but we have no statute authorizing recovery for injury to a minor child for the wrongful act, negligence, carelessness or default of another such as is charged with having been done in the instant case. Nolan v. Moore, 81 Fla. 594, 88 South. Rep. 601. Plaintiff's case must therefore rest on his remedy under the common law, if he has one.

The common law recognized no right of civil action for causing the death of a human being, such right, as it now exists in the various States of the Union being purely statutory and is not based on the father's right to the child's services. The father's right to the custody, companionship, services and earnings of his minor child are valuable rights constituting a species of property in the father, a wrongful injury to which by a third person will support an action in favor of the father. This is in addition to the right of action the child may have for the personal injury received,

with the resulting pain, disfigurement or permanent disability if such results follow. 20 R. C. L. 614.

For the personal injury, pain, disfigurement, and permanent disability of a child inflicted by a tort committed on it, the father can recover no damages; but the child must if he recovers for such, sue therefor by its guardian or next friend. The common law afforded the parent as such no remedy for injury to his child. He could recover only his pecuniary loss as a result of the injury, and such loss was limited to two elements: (1) the loss of the child's services and earnings, present and prospective to the end of the minority, and (2) medical expenses in effecting or attempting to effect a cure. The father's right of action being at all times independent of that of the child; if the child waive his right to sue, such waiver does not bar the father's right. 20 R. C. L. 615; Carey v. Berkshire R. R. Co., 1 Cush. (Mass.) 475, 48 Am. Dec. 616, Note 622; Dollard v. Roberts, 130 N. Y. 269, 29 N. E. Rep. 104; Bube v. Birmingham Railway, Light & Power Co., 140 Ala. 276, 37 South. Rep. 285; Durkee v. Central Pacific R. Co., 56 Cla. 388; King v. Southern R. Co., 126 Ga. 794, text 797, 55 S. E. Rep. 965; Sherman & Redfield on Negligence (6th ed.) Vol. 3, p. 2017.

In Black v. Carrollton Railroad Co., 10 La. Ann. 33, 63 Am. Dec. 586, the Louisiana court stated the rule as follows: In estimating damages sustained by a father from injury to his infant son, the jury may take into consideration the expense of medical attendance, the loss to the father through neglect of business during his son's illness, and the loss likely to arise to the father from the son's crippled state during the period when he would be able to provide for his own support or assist his father; but the jury cannot consider the mental anguish or suffering which the injury caused the father.

In Pennsylvania Railroad Co. v. Kelly, 31 Pa. St. (7 Casey) 372, the Pennsylvania court stated the rule as fol-

lows: The damages must be compensatory merely, and that compensation must have regard to the plaintiff's loss of his son's services, and to the expenses of nursing and professional treatment. The father was entitled to the services of his child during minority, and by just as much as this injury impaired the value of the right was he entitled to compensatory damages. It was further added that it was proper for the jury to understand that the sufferings endured by the boy, and the disfiguration of his form and whatever was merely personal to him, should not enter into the father's damages, because for them the son would have a right of action.

In cases of seduction and in cases where the child is of too tender an age at the time of the injury to be of any effectual service to the father, and in some other rare instances courts have prescribed a different measure of damages in cases of this kind, but with such we are not at this time concerned. The rule as here prescribed seems to be supported by the decided weight of authority.

Under this holding all that testimony relating to pain, injury to body and the impaired nervous condition of Waller Roberts would have been material in an action brought in his behalf; but except as it affected his ability to serve his father, the plaintiff, it was immaterial in the instant case and should have been excluded. There was no testimony whatever on which the jury could form any estimate of the value of the services of Waller Roberts to his father. This court is aware that in many cases of this kind conclusive testimony on this point may not always be had, but we think there must be some testimony to guide the jury in its conclusions.

The judgment below is therefore reversed and a new trial awarded.

WHITFIELD, P. J., AND BUFORD, J., concur.

BROWN, P. J., AND ELLIS, J., concur in the opinion.