McCORD, Judge
(dissenting).
I respectfully dissent. This is a dog bite case which resulted in a jury verdict and judgment of $5,000 for the appellee’s minor child and $1,000 for appellee. Only, the $1,000 judgment for the father is appealed. The damages allowable to a parent because of an injury to his minor child include only the loss of the child’s services and earnings, present and prospective, to the end of the minority, and other pecuniary loss of the parent incurred as a result of the child’s injury such as medical expenses in effecting or attempting to effect a cure. See Wilkie v. Roberts, 91 Fla. 1064, 109 So. 225.
There is no evidence in the record to support any damages as to loss of the child’s services or earnings, nor has appel-lee contended in his brief that there is any support therefor. As to other pecuniary loss of the parent, the only evidence in the record in support of such loss are drug, medical and other bills totaling $175.41. Appellee contends that in addition it was reasonable for the jury to compensate the plaintiff for his trips to and from Pensacola and a reasonable amount for future medical expense. The record shows that three trips were made with the child from DeFuniak Springs to Pensacola (80 miles each way) to see the doctor, but no evidence was offered as to the expenses of these three trips. Any allowance by the jury for the expense of such trips would, therefore, have necessarily been purely speculatory.
There is no evidence to indicate that there will be any future medical expense. The medical testimony is to the effect that the .child has fully recovered. The plastic surgeon who treated her stated as follows:
“She was subsequently discharged the following day and was seen in the office November the 3rd, 1971, when sutures were removed, and then again on April the 7th, 1972. By this latter visit sensation had returned in all areas of her scalp, with very excellent healing. There were only tiny pink scars on her left shoulder. None of these injuries will require any further treatment and I consider her discharged.”
*322 The final words of the doctor’s testimony were:
“I did check her for sensation on that last visit and I considered it an excellant result from the entire proceeding.”
There being no evidence in the record to support the jury’s verdict for appellee in excess of $175.41, I would order a new trial unless appellee would elect a remitti-tur of the excess.