308 So.2d 621 (1975)
CITY STORES COMPANY, d/b/a Richard's, Appellant,
v.
Susan A. LANGER, a Minor, Etc., et al., Appellees.
No. 74-515.
District Court of Appeal of Florida, Third District.
February 11, 1975.
Rehearing Denied March 17, 1975.
Adams, George, Wood, Lee, Schulte & Thompson and David L. Willing, Miami, for appellant.
Emanuel Levenson, Miami, Douglas M. Carlton, Ft. Lauderdale, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant appeals a final judgment entered upon a jury verdict awarding minor plaintiff and her father compensatory and punitive damages.
William Langer, individually and as father of his minor daughter, Susan Langer, filed a suit against defendant-appellant, City Stores Company d/b/a Richard's for damages for assault and battery, false imprisonment and malicious prosecution. In essence, the complaint alleged that defendant wrongfully detained and instituted prosecution of Susan Langer, a minor, on a charge of petit larceny for the theft of a belt. The cause proceeded to trial at the conclusion of which the jury returned a verdict in favor of Susan Langer, and awarded her $45,006.24 in compensatory damages and $26,000.00 in punitive damages. The jury also found in favor of William Langer, individually, and awarded him $13,000.00 as compensatory damages based upon his derivative claim for his expenditures *622 and loss of the services of his minor daughter, Susan. Defendant appeals therefrom.
Appellant raises three points on appeal, only one of which is meritorious, to wit: the award of $13,000.00 to plaintiff-appellee, William Langer was so excessive as to shock the judicial conscience.
A parent can recover only his pecuniary loss as a result of injury to his minor child, and such loss was limited to two elements: (1) the loss of the child's services, and (2) medical expenses in effecting or attempting to effect a cure. Wilkie v. Roberts, 91 Fla. 1064, 109 So. 225 (1926). In addition, the rule has been recognized that there can be no recovery by a parent in action for injuries to his minor child, for the suffering, pain, embarrassment and/or humiliation caused the parent by the injuries of the child. See Annot., 32 A.L.R.2d 1060 at 1078 (1953); Wilkie v. Roberts, supra; Miami Paper Co. v. Johnston, Fla. 1952, 58 So.2d 869; Youngblood v. Taylor, Fla. 1956, 89 So.2d 503.
Reviewing the record in the case sub judice in light of the above principles of law, we find that the only evidence contained therein as to the amount of William Langer's recoverable damages (i.e., pecuniary loss) was a $250.00 lawyer's fee and a $30.00 doctor bill. The remaining evidence simply reflected appellee Langer's inconvenience and humiliation caused by Susan's injury which is not recoverable. Thus, we conclude that there is evidence to sustain a verdict only in the sum of $280.00 for compensatory damages against the defendant and in favor of William Langer.
Accordingly, if within thirty (30) days after the filing of the mandate in the trial court, plaintiff-appellee, William Langer remits $12,720.00 of the damages awarded him, the judgment as modified will be affirmed, otherwise the judgment will stand reversed for a new trial on damages only upon William Langer's derivative claim.
It is so ordered.