389 So.2d 287 (1980)
Jerrie Douglas BROWN et al., Appellants,
v.
Michelle CALDWELL, a Minor, Etc., Appellee.
No. UU-185.
District Court of Appeal of Florida, First District.
October 10, 1980.
Rehearing Denied November 10, 1980.
Robert D. Bell, of Fisher, Bell, Hahn, Winn & Ptomey, Pensacola, for appellants.
Lefferts L. Mabie, Jr., and Louis K. Rosenbloum, of Levin, Warfield, Middlebrooks, Mabie, Rosenbloum & Magie, Pensacola, for appellee.
LARRY G. SMITH, Judge.
In this negligence suit the trial judge awarded judgment of $15,000.00 to appellee, Margaret Colville, as mother and next friend of Michelle Caldwell, for future medical expenses to be incurred by the daughter after reaching majority. Appellants, who were defendants below, contend that this award was in error because the daughter's claim for future medical expense was adjudicated earlier in the case when the daughter received a judgment for $50,000.00, which has been paid and satisfied; and further, because the mother's claim for medical expenses incurred in behalf of her daughter is limited to those expenses incurred during the daughter's minority. We agree that the judgment cannot be sustained under the circumstances presented and reverse.
Michelle Caldwell, a minor, suing by her mother and next friend, Margaret Colville, received a jury verdict of $50,000.00 for personal injuries. Margaret Colville, suing individually in the same case, sought recovery *288 of expenditures incurred by her in securing medical treatment for her daughter, together with damages for loss of her daughter's services while a minor. The same jury verdict found "$-0-," or zero damages, with respect to the mother's claims, although the uncontradicted evidence disclosed medical expenses of $2,757.00.
In post-trial proceedings, the trial judge found that the jury's verdict denying recovery to the mother for medical expenses was contrary to the court's instructions. Consequently, the court ordered: "That the plaintiff, Margaret Colville, a parent of Michelle Caldwell, is granted a new trial on the sole issue of damages for medical expenses of her injured daughter." The motion for new trial by plaintiff-appellee was in all other respects denied. Subsequently, appellants paid the $50,000.00 judgment in favor of Michelle Caldwell, and received a satisfaction of judgment.
Prior to the new trial on Margaret Colville's claim, but after the satisfaction of Michelle's judgment, another trial judge (successor to the initial trial judge) entered an order in which he ruled, over appellants' objections, that upon the new trial Margaret Colville would be entitled to recover, for the benefit of the plaintiff, Michelle Caldwell, all medical expenses "reasonably to be incurred by Michelle Caldwell after she reaches legal age in addition to the medical expenses incurred by the minor child prior to her attaining majority ...," and loss of the child's services prior to reaching majority. The trial judge, who heard and considered the evidence without a jury, rendered judgment for Margaret Colville, which provided for recovery of $3,017.00 as medical expenses and loss of services during her daughter's minority, and recovery of $15,000.00 by "Margaret Colville, as the mother and next friend of Michelle Caldwell, ... for the use and benefit of Michelle Caldwell for future medical expenses reasonably to be incurred by Michelle Caldwell after attaining her majority."
Appellants do not contest the award of $3,017.00; but they contend the award of $15,000.00 for future medical was erroneous as a matter of law. We agree. A parent can only recover his pecuniary loss as a result of injury to his minor child. City Stores Company v. Langer, 308 So.2d 621 (Fla. 3rd DCA 1975), appeal dismissed 312 So.2d 758 (La.). The parent's right of action is totally independent of any action by the child. Although the child must sue by his "next friend" (if there is no guardian or other like fiduciary, Rule 1.210(b), Florida Rules of Civil Procedure), the "next friend," who in this instance was the plaintiff's mother, does not become a party to the suit. Youngblood v. Taylor, 89 So.2d 503 (Fla. 1956); Wilkie v. Roberts, 91 Fla. 1064, 109 So. 225 (1926). Thus, there were two separate and independent causes of action in this case; one by the minor, Michelle, the other by her mother. The minor's case was fully adjudicated and settled by the rendition and payment of her judgment for $50,000.00.
Any claim for future medical incurred beyond the majority of the minor plaintiff was an element of damages recoverable by the minor, albeit by her next friend, her mother. The order for new trial entered prior to the satisfaction of Michelle's judgment was limited to the medical expense claims of the mother, which could include only those expenditures incurred in behalf of her daughter during her minority. See Florida Standard Jury Instructions 6.2c, "Medical expenses: ... care and treatment of claimant's minor child ...," and "care and treatment of minor claimant after reaching majority ... ." The general rule is that the obligation of a parent for support and care of a minor child ceases at majority. Although an exception to this general rule may arise when the child is, from physical or mental deficiencies, unable to support himself, Perla v. Perla, 58 So.2d 689 (Fla. 1952), there is no showing in this case that such a burden has been lawfully imposed upon appellee. Cf. Fincham v. Levin, 155 So.2d 883 (Fla. 1st DCA 1963). To the contrary, at the time of the new trial Michelle was 20 years of age, and had been married for two years. Furthermore, there *289 was no finding by the court, and there is no evidence in the record before us, showing payment by appellant of any medical expenses incurred by her daughter during her majority.
We are cognizant of appellant's argument that errors were made in the jury instructions in the first trial. However, any such errors were waived by the failure to appeal, and by satisfaction of Michelle's judgment.
REVERSED with directions to enter modified judgment striking the award of $15,000.00.
ERVIN and SHIVERS, JJ., concur.