800 So.2d 213 (2001)
Luis John CRUZ, etc., et al., Petitioners,
v.
BROWARD COUNTY SCHOOL BOARD, Respondent.
No. SC00-1550.
Supreme Court of Florida.
November 1, 2001.
*214 Gale Ciceric Payne of Gale Payne & Associates, Fort Lauderdale, FL, for Petitioners.
Amy D. Ronner, St. Thomas University, Miami, Florida; and Bruce J. Winick, University of Miami, Coral Gables, FL, for Respondent.
Richard A. Barnett, Hollywood, FL, for the Academy of Florida Trial Lawyers, Amicus Curiae.
PER CURIAM.
We have for review Broward County School Board v. Cruz, 761 So.2d 388 (Fla. 4th DCA 2000), wherein the district court certified the following question:
Whether the award for loss of filial consortium to a parent extends beyond the child's age of majority when it has been determined that the child has sustained a permanent total disability?
Cruz, 761 So.2d at 396. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We answer in the negative and approve Cruz.

I. FACTS
The underlying facts are set forth in the district court opinion, which provides in part:
During the 1993 school year, when the incident giving rise to this lawsuit occurred, Cruz was a 15-year-old who was attending Miramar High School in the exceptional education cluster "ESE." Cruz was mentally handicapped with significant brain damage as a result of having been born three months premature. He functioned at a second- or third-grade level, although, by all accounts, he was physically active and enjoyed playing sports or fishing or visiting museums after school and on the weekends. There was testimony that he was a calm and obedient child, but that he did get frustrated easily and had trouble staying on task. He was not prone to having fits of rage, never used foul language, and never exhibited psychotic behavior.
On November 30, 1993, while on the way to a class, Cruz encountered another student, Donny Velasquez ("Velasquez"), outside in the area between the portable classrooms.... The two boys had some sort of altercation or confrontation which resulted in Velasquez's pushing or dropping Cruz to the ground and Cruz landing on his head.
Cruz, 761 So.2d at 389-90. As a result of the incident, Cruz was seriously injured and he and his mother sued the Broward County School Board, alleging that the Board had been negligent in failing to provide adequate supervision.
*215 The jury found the School Board negligent and awarded Cruz $2,697,725 for his injuries and awarded Cruz's mother $3,500,000 for loss of filial consortium. The trial court reduced the award to Cruz's mother to $1,000,000, ruling that the award should cover only the four-year period between the date of the injury and the date of trial. Cruz was fifteen years old at the time of the injury and nineteen years old at the time of trial.
The School Board appealed and the district court reversed and remanded for a new trial, concluding that the School Board should have been permitted to have an independent neurological examination of Cruz. The district court also held, in a unanimous en banc ruling, that under the prevailing common law rule any future award to Cruz's mother for loss of filial consortium should be calculated only until Cruz attained majority. The district court reasoned:
In Dempsey, the supreme court did not expressly speak to the issue of whether damages for loss of filial consortium should be limited to the child's minority, or whether they should extend into the child's majority. Although the supreme court in that case clearly expanded the common law to provide parents of severely injured children with an additional element of recovery, we do not, however, read Dempsey as a license to abandon all of the common law in this area. Specifically, at common law, damages for the loss of a child's services and earnings were recoverable only to the end of the child's minority. We do not interpret Dempsey as having either expressly or impliedly broadened the recovery to a time beyond the child's majority. We therefore, are compelled to follow common law unless and until our supreme court states otherwise.
Broward County School Bd. v. Cruz, 761 So.2d 388, 396 (Fla. 4th DCA 2000) (citation and footnote omitted). The district court certified the above question.

II. THE APPLICABLE LAW
Although a parent could not recover at common law for the wrongful death of a child, a parent could recover for the wrongful injury of a child. See Seaboard Air Line Railway v. Moseley, 60 Fla. 186, 53 So. 718, 718 (1910) ("At common law the father is entitled to the services of his minor children, and he can maintain an action for the wrongful acts of others in injuring his child, to recover damages for loss of the child's services. But if the injuries to the child result in its death, there can under the common law be no recovery for loss of services, upon the theory that the private wrong to the father is merged in the crime resulting from the death; the unlawful taking of human life being a felony."). In Wilkie v. Roberts, 91 Fla. 1064, 109 So. 225, 227 (1926), this Court said: "The father's right to the custody, companionship, services, and earnings of his minor child are valuable rights, constituting a species of property in the father, a wrongful injury to which by a third person will support an action in favor of the father." This right of action was later extended to the mother. See Yordon v. Savage, 279 So.2d 844, 846 (Fla.1973) ("We hold today that this cause of action is available to either the father or the mother...."). However, the recovery allowed under the Wilkie decision was limited to elements of monetary loss.
He could recover only his pecuniary loss as a result of the injury, and such loss was limited to two elements: (1) The loss of the child's services and earnings, present and prospective to the end of the minority; and (2) medical expenses in effecting or attempting to effect a cure. *216 109 So. at 227. Thus Wilkie did not allow recovery for the father's intangible injury attributable to the loss of the child's companionship or society.
In United States v. Dempsey, 635 So.2d 961 (Fla.1994), this Court recognized that the compensable damages a parent could recover due to an injury to his or her child included the loss of the child's companionship and society. Thus recovery for loss of filial consortium was no longer restricted to monetary damages caused by the loss of the child's services and earnings, but included also the intangible loss of the child's "companionship, society, love, affection, and solace." Id. at 965.

III. DEMPSEY

The district court below held that under United States v. Dempsey, 635 So.2d 961 (Fla.1994), and the prevailing common law, a parent may be awarded damages for loss of filial consortium, but only for the period until the child attains majority. Because we approve of the district court's analysis we quote it here:
Since the factual issue of whether Cruz was severely and permanently injured will be re-considered by the jury on remand, we need not discuss it here. In order to guide the trial court in instructing the jury on re-trial, however, it is necessary to discuss the issue of whether an award to a parent for loss of filial consortium as a result of severe injury to a child is limited to, or extends beyond, the child's minority.
In United States v. Dempsey, 635 So.2d 961 (Fla.1994), the supreme court recognized a parent's right to recover for the permanent loss of filial consortium due to a significant injury which results in the child's permanent total disability. See id. at 965. The court defined loss of consortium to include not only the traditional loss of the child's services and earnings, as at common law, but also the loss of companionship, society, love, affection, and solace of the injured child. See id. In expanding the common law beyond only pecuniary damages, the supreme court noted:
This is a logical conclusion in light of the fact that when our common law rules are in doubt, this Court considers the "`changes in our social and economic customs and present day conceptions of right and justice.'" Hoffman v. Jones, 280 So.2d 431, 435 (Fla.1973) (quoting Ripley[v. Ewell, 61 So.2d 420, 423 (Fla.1952)]). Certainly, in 1973, when this Court set forth the elements of damages that a parent of an injured child is entitled to recover, it was apparent that a child's companionship and society were of far more value to the parent than were the services rendered by the child. Thus, there was an obvious need to recognize this element of damages to fully compensate the parent for the loss suffered because of a negligent injury to the child. The recognition of the loss of companionship element of damages clearly reflects our modern concept of family relationships.
See id. at 964.
In Dempsey, the supreme court did not expressly speak to the issue of whether damages for loss of filial consortium should be limited to the child's minority, or whether they should extend into the child's majority. Although the supreme court in that case clearly expanded the common law to provide parents of severely injured children with an additional element of recovery, we do not, however, read Dempsey as a license to abandon all of the common law in this area. Specifically, at common law, damages for the loss of a child's services and earnings were recoverable only to the *217 end of the child's minority. See generally Wilkie v. Roberts, 91 Fla. 1064, 109 So. 225, 227 (1926) (At common law, a parent's recovery for his pecuniary loss as a result of injury to his child "was limited to two elements: (1) The loss of the child's services and earnings, present and prospective, to the end of the minority; and (2) medical expenses in effecting or attempting to effect a cure."). We do not interpret Dempsey as having either expressly or impliedly broadened the recovery to a time beyond the child's majority. We, therefore, are compelled to follow common law unless and until our supreme court states otherwise. See Hoffman, 280 So.2d at 435.
Thus, on remand, should the jury find that Cruz suffered a severe, permanent injury, the filial consortium award to Cruz's mother should be calculated only from the date of the incident to the date Cruz attained majority.
Broward County School Board v. Cruz, 761 So.2d 388, 395-96 (Fla. 4th DCA 2000) (footnote omitted). As noted by the district court, in Dempsey we did not expressly speak to the issue of whether the parents' claim for loss of filial consortium was limited to the child's minority. However, we did emphasize our view that due to changing times it had become "apparent that a child's companionship and society were of far more value to the parent than were the services rendered by the child." Dempsey at 964. Hence, we determined that parents should be entitled to recover damages for loss of a child's companionship and society just as parents had previously been entitled to recover for loss of the child's services. Of course, any recovery for loss of services was limited under the common law to the period before a child becomes an adult. We did nothing in Dempsey to change that rule of limitation.
Indeed, in Florida, a parent is not entitled to any claim for damages when an adult child incurs personal injuries due to the tortious conduct of another. It would make little sense to allow for damages into the adulthood of a child in the one instance but not in the other. Accordingly, we hold that under Dempsey the parents' claim is limited to the child's minority.
We answer the certified question in the negative and approve the district court's opinion and decision.
It is so ordered.
WELLS, C.J., HARDING, ANSTEAD, and LEWIS, JJ., and WEBSTER, Associate Justice, concur.
SHAW, J., dissents with an opinion, in which QUINCE, J., concurs.
PARIENTE, J., recused.
SHAW, J., dissenting.
The majority opinion holds that when parents recover damages for loss of a child's companionship and society, this recovery must be limited to the period before the child becomes an adult. I respectfully dissent because I believe, contrary to the majority's conclusion, that the common law in this area has been supplanted by statute and case law addressing wrongful injury.

I. APPLICABLE LAW
The common law recognized no civil cause of action for the wrongful death of a human being; such a right is purely a creature of statute.[1] The Florida Wrongful *218 Death Act ("Act") was enacted in 1972[2] and provides that a child, including an adult child, may recover for loss of parental consortium arising from the wrongful death of a parent:
Minor children of the decedent, and all children of the decedent if there is no surviving spouse, may also recover for lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury.
§ 768.21(3), Fla. Stat. (1993).
Section 768.21(4) of the Act provides that a parent may recover for loss of filial consortium arising from the wrongful death of a child, including an adult child:
768.21 Damages.All potential beneficiaries of a recovery for wrongful death, including the decedent's estate, shall be identified in the complaint, and their relationships to the decedent shall be alleged. Damages may be awarded as follows:
. . . .
(4) Each parent of a deceased minor child may also recover for mental pain and suffering from the date of injury. Each parent of an adult child may also recover for mental pain and suffering if there are no other survivors.

§ 768.21, Fla. Stat. (1993) (emphasis added).
Paradoxically, although a parent could not recover at common law for the wrongful death of a child, a parent could recover for the wrongful injury of a child.[3] A father was entitled to recover for the lost services and earnings of a wrongfully injured child until the age of majority.[4] This right later was extended to the mother.[5] Neither parent, however, could recover for loss of consortium resulting from the wrongful injury of a child.[6] A child too could not recover for loss of consortium arising from the wrongful injury of a parent.[7] Several years after this Court upheld the rule against recovery by a child,[8] the Legislature enacted section 768.0415, Florida Statutes (Supp.1988).
Section 768.0415 provides that an "unmarried dependent" may recover for loss of parental consortium arising from the wrongful injury of a parent. Unlike the wrongful death statute, which uses the term "minor," the wrongful injury statute requires only that the dependent be an unmarried son or daughter of the parent (and that the injury result in permanent total disability):
768.0415 Liability for injury to parent.A person who, through negligence, causes significant permanent injury to the natural or adoptive parent of an unmarried dependent resulting in a permanent total disability shall be liable to the dependent for damages, including damages for permanent loss of services, *219 comfort, companionship, and society. This section shall apply to acts of negligence occurring on or after October 1, 1988.
§ 768.0415, Fla. Stat. (1993) (emphasis added).
Also unlike the wrongful death statute, which addresses recovery by both a child and a parent, the wrongful injury statute addresses only recovery by a dependent. Accordingly, the Court in United States v. Dempsey, 635 So.2d 961 (Fla.1994), addressed recovery by a parent and held that under the Equal Protection Clause a parent has a right of recovery that is comparable to that of a child[9] and that the same standard of recovery that applies to a child under section 768.0415 also applies to a parent.[10]

II. THE PRESENT CASE
The district court below held that under the prevailing common law rule a parent may not be awarded damages for loss of filial consortium after the child attains majority. This, in my opinion, was error. As explained above, at common law neither a child nor a parent could recover any damages for loss of consortium arising from the wrongful injury of a parent or child, regardless of the age of the child. The common law in this area has been supplanted by both section 768.0415 and Dempsey and neither of these authorities places any age-based restrictions on recovery.
Under the age-based remedy fashioned by the majority opinion, an unmarried dependent adult can recover for loss of parental consortium arising from the wrongful injury of his or her parent, but a parent cannot recover for loss of filial consortium arising from the wrongful injury of his or her unmarried dependent child if that child is an adult. In other words, an unmarried dependent adult can recover for loss of a parent's love, companionship, and society but a parent cannot recover for loss of an unmarried dependent adult's love, companionship, and society. Neither case law nor statute mandates such a result. Without some indication of a legitimate legislative purpose, a person's worth as a companion cannot be negated simply because he or she is a dependent adult.[11] All natural personsincluding dependent adultsare equal before the law.[12]

*220 III. CONCLUSION
As a rule, policy-based issues such as the present fall within the purview of the Legislature. Had the Legislature not already acted in this area by promulgating section 768.0415 prior to the decision in Dempsey, I would have been chary of departing from the common law in that case. In the words of Justice Grimes:
Normally, I believe that issues of this nature are best left to the legislature. On the other hand, the legislature has already acted to permit children to recover for the loss of companionship of parents who are permanently and totally disabled, and it is difficult to perceive a distinction in the parents' claim for a permanently and totally disabled child. Therefore, because we are doing no more than following the lead of the legislature in recognizing the severity of the loss suffered by a person whose loved one is permanently and totally disabled, I am willing to concur in this decision.
Dempsey, 635 So.2d at 967 (Grimes, J., concurring in result only). In light of the fact that the Legislature has acted in this area by promulgating section 768.0415 and has placed no age-based restrictions on recovery by an unmarried dependent, I would reaffirm this Court's holding in Dempsey that the same right of recovery must be accorded to the parent of an unmarried dependent where the dependent has been permanently and totally disabled. Just as the age of the dependent is a nonissue under section 768.0415, so too is it a nonissue under the Dempsey rationale.
QUINCE, J., concurs.
NOTES
[1] See, e.g., Florida East Coast Ry. v. McRoberts, 111 Fla. 278, 149 So. 631, 632 (1933) ("The common law afforded no remedy for death by wrongful act. Hence the right and the remedy are purely statutory.").
[2] The predecessor statute was first enacted in chapter 3439, Laws of Florida (1883), codified as amended in chapter 768, Florida Statutes (1971). See Zorzos v. Rosen, 467 So.2d 305, 307 (Fla.1985) (Ehrlich, J., dissenting).
[3] See Seaboard Air Line Ry. v. Moseley, 60 Fla. 186, 53 So. 718, 718 (1910).
[4] See Wilkie v. Roberts, 91 Fla. 1064, 109 So. 225, 227 (1926).
[5] See Yordon v. Savage, 279 So.2d 844, 846 (Fla.1973).
[6] See Wilkie, 109 So. at 227.
[7] See Zorzos v. Rosen, 467 So.2d 305, 307 (Fla.1985) ("We agree with [Clark v.] Suncoast Hospital [338 So.2d 1117 (Fla.2d DCA 1976)] that if the action is to be created, it is wiser to leave it to the legislative branch with its greater ability to study and circumscribe the cause.").
[8] See id.
[9] The Court ruled as follows:

Accordingly, we hold that a parent of a negligently injured child has a right to recover for the permanent loss of filial consortium suffered as a result of a significant injury resulting in the child's permanent total disability. In this context, we define loss of "consortium" to include the loss of companionship, society, love, affection and solace of the injured child, as well as ordinary day-to-day services that the child would have rendered.
Dempsey, 635 So.2d at 965.
[10] The Court stated:

However, we believe that recovery for loss of filial consortium should be limited in the same manner in which recovery for the loss of parental consortium has been limited by the legislature.... Because the right of recovery we recognize here provides redress for injury to the parent-child relationship, the same relationship addressed by the legislature in section 768.0415, we see no reason why the same standard for recovery should not apply in this context.
Dempsey, 635 So.2d at 965 (emphasis added).
[11] See generally Palm Harbor Special Fire Control Dist. v. Kelly, 516 So.2d 249, 251 (Fla.1987) ("Moreover, without exception, all statutory classifications that treat one person or group differently than others must appear to be based at a minimum on a rational distinction having a just and reasonable relation to a legitimate state objective.").
[12] See art. I, § 2, Fla. Const. ("All natural persons, female and male alike, are equal before the law...."). See generally Dempsey, 635 So.2d at 965 ("[I]n light of the redress available to a .... child for injury to consortium interests, our constitution itself requires recognition of a parent's right to recover for the loss of a severely injured child's companionship. Art. I, §§ 2, 21, Fla. Const."). Cf. Howard Frank, M.D., P.C. v. Superior Court of Ariz., 150 Ariz. 228, 722 P.2d 955 (1986) (en banc), wherein the Arizona Supreme Court ruled as follows:

In particular, we can find no reason for limiting the class of plaintiffs to parents of minor children when the parents of adult children may suffer equal or greater harm. Why should the parents of an injured seventeen-year-old be allowed to recover for loss of consortium, but not the parents of an injured eighteen-year-old?
Howard Frank, 722 P.2d at 961.