DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JOHN DOE and JANET DOE,

Appellants,

v.

YOUNG MEN'S CHRISTIAN ASSOCIATION OF THE
SUNCOAST, INC.; DELONYX CORTEZ; LINDA PENN;
PLAY SPACE SERVICES, INC.; M.D.K.; and C.K.,

Appellees.

No. 2D2024-1900
_____

May 15, 2026

Appeal from the Circuit Court for Pinellas County; Cynthia J. Newton, Judge.

Bradley S. Bell of Bell Law Group, Tampa; and Joshua Drechsel of Josh Firm, P.A., St. Petersburg, for Appellants.

Jeffrey R. Dion, Executive Director, Zero Abuse Project, Amicus Brief in Support of Appellants John Doe and Janet Doe.

Edward S. Schwartz of Gerson & Schwartz, P.A., Miami; and Keith West of Victims' Recovery Law Center, Newton Square, Pennsylvania, on Behalf of the National Crime Victims' Bar Association Amicus Committee.

Dinah S. Stein of Hicks, Porter & Stein, P.A., Miami; and David M. Tarlow of Quintarios, Prieto, Wood & Boyer, P.A., Ft. Lauderdale, for Appellees Young Men's Christian Association of the Suncoast, Inc., Delonyx Cortez, and Linda Penn.

No appearance for remaining Appellees.

SLEET, Judge.

John and Janet Doe brought a thirty-eight-count lawsuit against the Young Men's Christian Association of the Suncoast, Inc. (YMCA), and two of its employees, Delonyx Cortez and Linda Penn, on behalf of themselves and their three-year-old daughter. The claims raised in the complaint stem from an incident involving their daughter while she was in the Kids Zone area of the Greater Safety Harbor YMCA. This is an appeal from the trial court's order dismissing with prejudice Mr. and Mrs. Doe's individual claims for loss of filial consortium, breach of fiduciary duty, intentional infliction of emotional distress, and negligent infliction of emotional distress brought against each of the three named defendants and their claims for breach of contract brought against only the YMCA.[1] Because the trial court should have given Mr. and Mrs. Doe an opportunity to amend their loss of filial consortium and breach of contract claims, we reverse the trial court's order only to the extent that the dismissal of those counts was with prejudice. We affirm the trial court's order in all other respects.

In its Kids Zone area, which includes a jungle gym play structure and other play equipment for young children, the YMCA provides child-watch services for its members. Delonyx Cortez was the executive director and Linda Penn was the Kids Zone coordinator for the Greater Palm Harbor YMCA. Mr. and Mrs. Doe were YMCA members.

On June 15, 2019, Mrs. Doe went to the Greater Palm Harbor YMCA and signed her daughter in at the Kids Zone to be watched by YMCA employees. While there, the three-year-old reported to YMCA

_____

[1] The trial court's order is appealable as it dismisses all of the counts brought by Mr. and Mrs. Doe. *See* Fla. R. App. P. 9.110(k). Counts brought on behalf of the child, Jane Doe, remain pending in the trial court and are not a part of this appeal.

2

employees that two boys, ages seven and eleven, who were also signed in to the Kids Zone, touched her inappropriately.[2]  The child reported the incident to YMCA staff, who notified Penn.  Penn then called Mrs. Doe, who was on the YMCA property.  During this call, Penn asked Mrs. Doe whether her daughter "makes up stories or tells lies."  Neither Penn nor Cortez contacted law enforcement at that time.  Mrs. Doe took her daughter home and informed Mr. Doe of what had happened.  Mr. Doe then contacted the YMCA, first by phone and then in person, and demanded that law enforcement be notified.

On April 28, 2022, Mr. and Mrs. Doe filed their original complaint, each alleging separate counts of intentional infliction of emotional distress (IIED), negligent infliction of emotional distress (NIED), and culpable negligence against each of the three named defendants—the YMCA, Cortez, and Penn—who subsequently filed a motion to dismiss. The trial court granted the motion without prejudice, giving Mr. and Mrs. Doe leave to amend.

On March 27, 2023, Mr. and Mrs. Doe filed their first amended complaint, which abandoned their claims for culpable negligence, amended their IIED and NIED claims, and added individual claims against each named defendant for breach of fiduciary duty and loss of filial consortium.  The YMCA, Cortez, and Penn filed a motion to dismiss the IIED, NIED, and breach of fiduciary duty claims for failure to state a cause of action, and the trial court granted the motion without prejudice, again giving Mr. and Mrs. Doe leave to amend.

---

[2] Our recitation of the facts is based on the factual allegations in the Does' second amended complaint, which on a motion to dismiss for failure to state a cause of action must be taken as true.  *See Wallace v. Dean*, 3 So. 3d 1035, 1042 (Fla. 2009).  The allegations as described by the child would amount to a sexual battery.

On December 4, 2023, Mr. and Mrs. Doe filed their second amended complaint in which they amended their IIED, NIED, and breach of fiduciary duty claims, reasserted their loss of filial consortium claims, and added individual breach of contract claims on behalf of each Mr. and Mrs. Doe against the YMCA. All three defendants again moved to dismiss, and following a hearing on the motion, the trial court entered its written order dismissing all of Mr. and Mrs. Doe's claims "with prejudice, considering this is Plaintiffs' third attempt to state a cause of action."

On appeal, Mr. and Mrs. Doe first argue that the trial court erred in dismissing their claims with prejudice. They maintain that they should have been given another opportunity to amend their complaint. We agree with regard to their loss of filial consortium and breach of contract claims, which have not been amended previously, but we affirm the dismissal with prejudice of their breach of fiduciary duty, IIED, and NIED claims.

"We review the denial of a motion for leave to amend a complaint under an abuse of discretion standard." *CHHS Hosp. Co. v. Harmon*, 381 So. 3d 679, 682 (Fla. 2d DCA 2024) (quoting *Drish v. Bos*, 298 So. 3d 722, 723 (Fla. 2d DCA 2020)). "Once a responsive pleading is served, 'a party may amend a pleading only by leave of court or by written consent of the adverse party. . . . Leave of court shall be given freely when justice so requires.' " *Id.* (quoting Fla. R. Civ. P. 1.190(a)). "The Florida Rules of Civil Procedure encourage a policy of liberality in allowing litigants to amend their pleadings, especially prior to trial." *Id.* (quoting *Drish*, 298 So. 3d at 723). "Further, 'all doubts should be resolved in favor of allowing the amendment and refusal to do so generally constitutes an abuse of discretion unless it clearly appears that [1] allowing the amendment would prejudice the opposing party, [2] the privilege to

4

amend has been abused, or [3] amendment would be futile." *Drish*, 298 So. 3d at 724 (alterations in original) (quoting *Saidi v. Saqr*, 207 So. 3d 991, 992 (Fla. 5th DCA 2016)); *see also CHHS Hosp.*, 381 So. 3d at 682 ("[C]ourts should resolve all doubts in favor of allowing the amendment of pleadings to allow cases to be decided on their merit." (alteration in original) (quoting *Sorenson v. Bank of N.Y. Mellon as Tr. for Certificate Holders CWALT, Inc.*, 261 So. 3d 660, 663 (Fla. 2d DCA 2018))).

**Loss of Filial Consortium and Breach of Contract Claims**

We conclude that it was an abuse of discretion to dismiss Mr. and Mrs. Doe's loss of filial consortium and breach of contract claims with prejudice. The second amended complaint was the first time the parents alleged a breach of contract. And the claim for loss of filial consortium was initially raised in the first amended complaint but was not challenged in the corresponding motion to dismiss. Thus the YMCA, Cortez, and Penn did not raise the sufficiency of these claims until they moved to dismiss the second amended complaint, and the trial court's statement in the order of dismissal that "this is Plaintiffs' third attempt to state a cause of action" does not apply to these claims. Accordingly, Mr. and Mrs. Doe cannot be said to have abused the privilege to amend these claims.

Furthermore, amendment of these claims would not prejudice the YMCA, Cortez, and Penn and would not be futile. The motion to dismiss the second amended complaint was filed before the case had been set for trial. The YMCA, Cortez, and Penn argued below that the loss of filial consortium claims should be dismissed because Mr. and Mrs. Doe had failed to allege a permanent total disability. *See generally Cruz v. Broward Cnty. Sch. Bd.*, 800 So. 2d 213, 216 (Fla. 2001) ("In *United States v. Dempsey*, 635 So. 2d 961 (Fla. 1994), the supreme court

recognized a parent's right to recover for the permanent loss of filial consortium due to a significant injury which results in the child's *permanent total disability*." (emphasis added) (quoting *Broward Cnty. Sch. Bd. v. Cruz*, 761 So. 2d 388, 395 (Fla. 4th DCA 2000))). Mr. and Mrs. Doe maintain that the failure to include the words "permanent total disability" was a scrivener's error and that they should be allowed to amend their complaint by inserting those words. Such an amendment would not prejudice the defense of this allegation as the YMCA, Cortez, and Penn have been aware that the Does were claiming a loss of filial consortium since the first amended complaint was filed in March 2023. The onus will remain on Mr. and Mrs. Doe to present evidence to ultimately establish such a disability, but it cannot be said at this juncture that it is an impossibility. Accordingly, such amendment would not be futile.

As to the breach of contract claims, the YMCA maintained below that dismissal was proper because Mr. and Mrs. Doe did not attach an executed contract to their complaint. *See* Fla. R. Civ. P. 1.130(a) ("All . . . contracts . . . on which action may be brought or defense made, or a copy thereof or a copy of the portions thereof material to the pleadings, must be incorporated in or attached to the pleading."). Mr. and Mrs. Doe maintain that the YMCA is in possession of the contract upon which they base these claims and that they have sought to obtain it through discovery. At the hearing below, counsel for the Does informed the court that "there's a document that Janet and John Doe have signed with the YMCA. [It has] all these documents, but no surprise to us, we have not received the document from them in discovery. So I imagine that we are going to have to file a Motion to Compel that." Under these circumstances, dismissal with prejudice was an abuse of discretion. *See*

6

*Amiker v. Mid-Century Ins.*, 398 So. 2d 974, 975 (Fla. 1st DCA 1981) ("Dismissal of a complaint, particularly dismissal with prejudice, is a severe sanction to impose and certainly an unjust sanction where it results from actions beyond the pleaders control. In this case, the Amikers could not attach to the complaint what they did not have. They had initiated discovery proceedings intended to provide them with a copy of the [contract] . . . ."). The YMCA's defense of this allegation would not be prejudiced by amendment as, if a contract exists, the YMCA is in possession of—and therefore has access to—it. And amendment would not be futile if the Does can obtain the contract through discovery.

Accordingly, we reverse the dismissal of Mr. and Mrs. Doe's loss of filial consortium and breach of contract counts only to the extent that they were dismissed with prejudice, and we remand with instructions that the Does be given the opportunity to amend those counts.

**Breach of Fiduciary Duty**

Mr. and Mrs. Doe also argue that the trial court erred in dismissing their breach of fiduciary duty claims with prejudice because they have only amended these claims once and such amendment was merely the correction of a scrivener's error. We agree with the Does that they have not abused the amendment privilege as to these claims. But we nevertheless conclude that Mr. and Mrs. Doe have not and cannot state a cause of action for breach of fiduciary duty and that therefore the trial court did not abuse its discretion by dismissing these claims with prejudice because amendment would be futile.

To establish a breach of fiduciary duty, one must prove that a fiduciary duty exists, that the duty has been breached, and that the breach is the proximate cause of the plaintiff's damages. *Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002). It is the first requirement that is

7

lacking here as Mr. and Mrs. Doe cannot establish that the YMCA, Cortez, and Penn owed them a fiduciary duty.

Most often the question of fiduciary duty is raised in the context of business or special trust relationships. And while we can find no Florida precedent addressing whether a fiduciary duty exists between an individual who is paid to watch a child and that child's parent, applying those same principles, we conclude that one does not. "To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party." *Mawardi v. Cohen*, 381 So. 3d 1, 3 (Fla. 4th DCA 2023) (quoting *Watkins v. NCNB Nat'l Bank of Fla., N.A.*, 622 So. 2d 1063, 1065 (Fla. 3d DCA 1993)); *see also Doe ex rel. Doe v. Abusahyoun*, 67 Conn. L. Rptr. 242 (Conn. Super. Ct. 2018) ("All fiduciary relationships to some degree, [require] confidence of one in another and a certain inequity or dependence arising from weakness of age, mental strength, business intelligence, knowledge of facts involved, or other conditions which give one an advantage over the other." (alteration in original) (quoting *Murphy v. Wakelee*, 721 A.2d 1181, 1186-87 (Conn. 1998))). Here, in their second amended complaint, Mr. and Mrs. Doe state in conclusory fashion that they "reposed trust and confidence" in the YMCA, Cortez, and Penn, who "undertook such trust and confidence and assumed a duty to protect" their daughter merely by "accepting her into the YMCA and the Kids Zone."

First, we note that although the second amended complaint includes numerous accusations of how the YMCA, Cortez, and Penn allegedly breached their fiduciary duty, Mr. and Mrs. Doe failed to allege how that duty came to exist or how the YMCA, Cortez, and Penn consciously obligated themselves to certain responsibilities under that

8

duty. "[O]ne may not unilaterally impose a fiduciary responsibility on another simply by reposing trust; *absent some conscious acceptance of such duties, no fiduciary relationship is created.*" *Suzmar, LLC v. First Nat'l Bank of S. Miami*, 388 So. 3d 852, 855 (Fla. 3d DCA 2023) (alteration in original) (emphasis added) (quoting *Silver v. Countrywide Home Loans, Inc.*, 760 F. Supp. 2d 1330, 1339 (S.D. Fla. 2011)); *see also Mawardi*, 381 So. 3d at 3 ("[A] fiduciary relationship is based on trust and confidence between the parties where confidence is reposed by one party and *a trust accepted by the other party.*" (emphasis added) (quoting *Mac-Gray Servs., Inc. v. DeGeorge*, 913 So. 2d 630, 633 (Fla. 4th DCA 2005))).

Second, and more important, Mr. and Mrs. Doe brought these claims on their own behalf, and therefore they, and not their daughter, are the alleged beneficiaries of the fiduciary duty they claim exists. But under the facts of this case, although they unquestionably trusted the YMCA employees to watch their child in their absence while she played in the Kids Zone, Mr. and Mrs. Doe cannot establish that the YMCA and its employees held any unique expertise or superior knowledge of how to watch a child that was offered as advice, counsel, or protection to Mr. and Mrs. Doe. This simply is not a fiduciary relationship.

By undertaking to watch their daughter, the YMCA and its employees may have created a legal duty of ordinary and prudent care. *Cf. Kazanjian v. Sch. Bd. of Palm Beach Cnty.*, 967 So. 2d 259, 264 (Fla. 4th DCA 2007) (holding that public schools owe students a general duty of supervision "based on the school's standing partially in place of the student's parents"). But while such a duty may support a different cause of action, Mr. and Mrs. Doe cannot establish a cause of action for breach of fiduciary duty. Accordingly, amendment of these claims would be

9

futile, and the trial court did not abuse its discretion in dismissing them with prejudice.

**Intentional Infliction of Emotional Distress**

Mr. and Mrs. Doe next argue that the trial court erred in dismissing their counts for IIED, maintaining that they sufficiently alleged the elements of the cause of action in their second amended complaint. We disagree.

> To support a claim for IIED, a plaintiff must prove:
>
> (1) the wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result;
>
> (2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community;
>
> (3) the conduct caused emotional distress; and
>
> (4) the emotional distress was severe.

*Johns Hopkins All Child.'s Hosp., Inc. v. Kowalski*, 425 So. 3d 645, 662-63 (Fla. 2d DCA 2025) (quoting *Glegg v. Van Den Hurk*, 379 So. 3d 1171, 1174 (Fla. 4th DCA 2024)).

On appeal, Mr. and Mrs. Doe identify two actions by the YMCA, Cortez, and Penn as the bases for their IIED claims: their "intentionally and recklessly leaving the three-year-old girl in the [covered jungle gym] in the unsupervised company of two older boys with a known propensity for inappropriate sexual conduct with young girls" and their postincident handling of the situation, including "questioning the legitimacy of a three-year-old's account of sexual battery and not immediately contacting law enforcement."

The first allegation is insufficient to allege a claim of IIED, however, because the conduct was not directed at Mr. or Mrs. Doe and they were not present when the incident involving their daughter occurred. "[I]n

10

order to state a claim for IIED based on [one's] own emotional distress, a plaintiff must be present when the alleged extreme and outrageous conduct is directed toward a third party." *Kowalski*, 425 So. 3d at 663 (second alteration in original) (quoting *Buchanan v. Miami-Dade County*, 400 So. 3d 684, 686 (Fla. 3d DCA 2024)); *see also M.M. v. M.P.S.*, 556 So. 2d 1140, 1141 (Fla. 3d DCA 1989) (affirming dismissal of IIED claim where "[a]ppellants were not present when the alleged mistreatment of their daughter took place" and holding that appellant "may not claim emotional distress for her injurious or offensive treatment" and that even "learning the awful truth from [the perpetrator] [did not] afford[] appellants grounds for recovery for their own distress").

With regard to the allegation that Penn asked Mrs. Doe whether her daughter "makes up stories or tells lies" and that the YMCA employees tried to downplay the incident when speaking with Mr. and Mrs. Doe, we agree with the trial court's conclusion that such actions do not meet the outrageous conduct standard necessary for an IIED claim. "Behavior claimed to constitute [IIED] must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.' " *Liberty Mut. Ins. v. Steadman*, 968 So. 2d 592, 594 (Fla. 2d DCA 2007) (quoting *Ponton v. Scarfone*, 468 So. 2d 1009, 1011 (Fla. 1985)). The trial court correctly determined that while these actions were perhaps rude and insensitive, they do not support a cause of action for IIED.

Furthermore, this was the Does' third attempt to plead these claims. Accordingly, we cannot say that the trial court abused its discretion by dismissing them with prejudice.

11

**Negligent Infliction of Emotional Distress**

Finally, the Does argue that the trial court erred in dismissing with prejudice their claims for NIED. The trial court concluded that the claims were barred by Florida's impact rule.

> The application of the "impact rule" in Florida reflects a dichotomy under the law of cases in which the plaintiff is claiming damages for mental pain and anguish. . . .
>> In Florida . . . for recovery for [NIED] . . . [i]f the plaintiff has suffered an impact, Florida courts permit recovery for emotional distress stemming from the incident during which the impact occurred, and not merely the impact itself. *If, however, the plaintiff has not suffered an impact, [any] complained-of mental distress must be "manifested by physical injury" [and] the plaintiff must be "involved" in the incident by seeing, hearing, or arriving on the scene as the traumatizing event occurs.*

*Willis v. Gami Golden Glades, LLC*, 967 So. 2d 846, 850 (Fla. 2007) (emphasis added) (quoting *Eagle-Picher Indus., Inc. v. Cox*, 481 So. 2d 517, 526 (Fla. 3d DCA 1985)).[3] Accordingly, the elements of an NIED cause of action are as follows: "(1) the plaintiff must suffer a physical injury; (2) the plaintiff's physical injury must be caused by the psychological trauma; (3) the plaintiff must be involved someway in the event causing the negligent injury to another; and (4) the plaintiff must have a close personal relationship to the directly injured person." *Zell v. Meek*, 665 So. 2d 1048, 1054 (Fla. 1995) (citing *Champion v. Gray*, 478 So. 2d 17 (Fla. 1985)).

In dismissing Mr. and Mrs. Doe's NIED claims, the trial court correctly concluded that they cannot satisfy the third requirement

---

[3] The case law also imposes a requirement that any injury manifest itself "within a short time" of the incident, *see Willis*, 967 So. 2d at 850 (quoting *Eagle-Picher Indus.*, 481 So. 2d at 526), but that element is not implicated in this case.

because "they did not have a contemporaneous sensory experience of the incident which they alleged caused their emotional distress." It is undisputed that neither Mr. nor Mrs. Doe were present when the incident involving their daughter occurred, but they maintain that because they arrived in what they deem the "immediate aftermath" of the incident, they were sufficiently "involved." We cannot agree.

Mr. Doe was not at the YMCA with Mrs. Doe and their daughter at the time of the incident and did not learn of the incident until they returned home. And although Mrs. Doe asserts that she was only forty feet away when the incident occurred, she was unaware of the incident until Penn called her on her cell phone. While we do not discount the effect this experience may have on a parent, we must agree with the trial court that these facts are insufficient to establish that Mr. and Mrs. Doe were "involved someway" in the incident that caused an alleged negligent injury to their daughter. *See id.*; *see also Miranda ex rel. Doe 1 v. Sinrod*, 117 So. 3d 786, 789 (Fla. 4th DCA 2013) ("[T]he parents do not, and cannot, allege that they suffered an impact from an external force. Nor do they allege that they saw the sexual abuse, heard the sexual abuse, or arrived on the scene as it was occurring. The parents' [NIED] claims do not survive the impact rule, nor can we create an exception to the impact rule which would permit recovery.").

Like their IIED claims, this was the Does' third attempt to plead their NIED claims. Accordingly, we cannot say that the trial court abused its discretion by dismissing them with prejudice. We note that it is not lack of compassion but rather our fidelity to the law that bars relief for these claims.

In summary, we reverse the dismissal of Mr. and Mrs. Doe's loss of filial consortium and breach of contract claims to the extent that those

13

counts were dismissed with prejudice, and we remand with instructions to allow the Does to amend those claims.  We affirm the trial court's order in all other respects.

Affirmed in part, reversed in part, and remanded.

LUCAS, C.J., and BLACK, J., Concur.

_____

Opinion subject to revision prior to official publication.